# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| YOUTOO TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| TWITTER, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff, Youtoo Technologies, LLC ("Youtoo"), for its Complaint for Patent Infringement against Twitter, Inc. ("Twitter" or "Defendant"), alleges the following:

## NATURE OF THE SUIT

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code to prevent and enjoin Defendant from infringing and profiting from, in an unlawful and unauthorized manner U.S. Patent No. 8,464,304 (the "'304 patent"), U.S. Patent No. 8,601,506 (the "'506 patent"), and U.S. Patent No. 9,083,997 (also known as U.S. Application No. 13/674,768, the "'768 Application," filed November 12, 2012), pursuant to 35 U.S.C. § 271. Youtoo also seeks to recover damages, attorneys' fees, and costs.

## PARTIES

2. Youtoo Technologies, LLC is a Texas limited liability company having its principal place of business at 6565 N. MacArthur Boulevard, Suite 400, Las Colinas, Texas 75039.

3. In mid-2008, Youtoo inventors recognized that the intersection of broadcast television and Social Networking was the next great horizon with respect to technology and communication. In order meet the growing public and corporate demand for a user- and network-

friendly, reliable interactive television experience, Youtoo invested millions of dollars into the creation, design, and testing of its pioneering technology.

4. The inventors purchased two cable television networks to access the back-end infrastructure to develop the technology and to integrate it into a social network. On September 28, 2011, Youtoo announced the commercial launch of Youtoo TV and Youtoo.com, the world's first social network that was integrated into a TV network.

5. Youtoo's inventions enable Internet users to record video in social networks or on social network mobile applications and to distribute the recorded video in the same social network, to another social network, embed it in a webpage or to make the video available to a television network for broadcast on television. Youtoo realized its mission through major licensing arrangements with mainstream networks like NBC, CBS, FOX, Univision, Telemundo, and TV Azteca, to smaller cable networks including Oxygen and Asia TV, to international networks like Rotana and CNBC Arabia. Youtoo even attracted "Survivor" and "The Voice" executive producer Mark Burnett as an owner. Network executives declared that marrying Youtoo Social Networking and the television community was "more than an opportunity to engage fans on multiple screens," rather, "[it gave] viewers a chance to take part in a national conversation around a show."

6. Defendant Twitter is a Delaware corporation with its principal place of business at 1355 Market Street, Suite 900, San Francisco, California 94103. Vine is a short-form video sharing service. Twitter may be served on its registered agent CT Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

7. Twitter acquired Vine in January 2013 and launched Vine as a standalone mobile device application used for recording and sharing video clips. Twitter, through its development and operation of Vine, is doing business and infringing Youtoo's patents in Texas and elsewhere in the United States.

## JURISDICTION AND VENUE

8. Youtoo's claims for patent infringement against Twitter arise under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit under 28 U.S.C. §§ 1331 and 1338.

9. Twitter is an internet-based service that is used widely throughout the United States. Twitter is subject to both the specific and general personal jurisdiction of this Court because, among other things, it has established continuous and systematic contacts with Texas and in this judicial district, including by conducting business in the Southern District of Texas and the State of Texas; it has committed acts of patent infringement within Texas and this judicial district giving rise to this action; and it has minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

10. Twitter has established distribution networks placing media content creation products that are covered by claims of the '304, '506, and '997 patents into the stream of commerce such that those products flow into Texas and this district.

11. Twitter has also committed acts of patent infringement and/or contributed to others' acts of patent infringement within this district.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(b).

## BACKGROUND

13. Twitter has been aware of Youtoo's '304 patent, '506 patent and '768 Application (which subsequently issued as the '997 patent) since at least July 5, 2013, when Youtoo advised the then CEO of Twitter, Dick Costolo, of its concern that Twitter was practicing claims of Youtoo's patents, yet preferred to discuss a possible business relationship rather than engage in litigation. Youtoo subsequently entered into discussions with chief executives at Twitter, including Fred Graver, Adam Bain, Anthony Noto, Mike Rusignola and others, regarding a

potential partnership under the company's branded "Twitter Official Partner Program" (the "Partner Program").

14. The parties engaged in serious discussions beginning with senior Twitter executive Fred Graver regarding the Partner Program from August 8, 2013 through August 22, 2015. During an initial in-person meeting on August 8, 2013, Mr. Graver advised Youtoo executives that the way to monetize the patents, in lieu of litigation, would be to become a "Twitter Official Partner" whereby Twitter would refer paying clients to Youtoo, similar to Twitter data resellers, including Mass Relevance, to license the Youtoo software. On August 17, 2013, Mr. Graver introduced Mike Rusignola to Youtoo executives to begin the process of becoming a Twitter Official Partner. During the partnership talks, which were subject to a non-disclosure agreement, Youtoo was required to show Twitter how to practice the inventions covered by the '304 patent, '506 patent and the '768 Application.

15. On October 16, 2013, Youtoo provided Twitter access to a digital "sandbox" whereby Twitter could evaluate Youtoo software. During the course of partnership talks, Mr. Rusignola declared that "nobody else has a producer-user interface that facilitates multi-user content like Youtoo." He then asked Youtoo to begin developing software for the Twitter "video card" and Amplify products. Youtoo complied but was never compensated for the development work. On November 24, 2013, Mr. Graver stated, "This [Youtoo] is the most powerful technology we've seen to date." Then, on January 8, 2014, Mr. Graver further stated that Twitter liked Youtoo's technology because it was "camera ready" and no one else's was. Thereafter, Youtoo was passed off to at least four different senior Twitter executives during its process to become a Twitter Official Partner, dragging out the process for nearly two years.

16. In the meantime, Twitter implemented – copied – the very technology in Vine which Youtoo demonstrated to Twitter in 2013, thus allowing Vine videos to be displayed on television and elsewhere.

17. After further efforts to enter into licensing or partnership arrangements with Twitter failed, Youtoo told Twitter CFO, Anthony Noto that if Twitter continued its infringing activities, a lawsuit would be inevitable. Mr. Noto then conceded that Twitter "would have a problem" if Youtoo were to file suit.

## PATENT INFRINGEMENT

## FIRST CLAIM FOR INFRINGEMENT

(Infringement of U.S. Patent No. 8,464,304)

18. Youtoo incorporates by reference Paragraphs 1 - 16 of this Complaint as if set forth below.

19. Youtoo owns all right, title and interest in and has standing to sue for infringement of the '304 patent, entitled "Content Creation and Distribution System," which issued on June 11, 2013.

20. Twitter has infringed and is infringing the '304 patent through its operation of its video creation and distribution application Vine. Vine is a mobile application which allows users to record and upload video content in six-second segments. The Vine application reformats the recordings as necessary. The Vine recordings may ultimately be incorporated into or otherwise distributed via, including but not limited to, social media platforms, webpages, and television broadcasts.

21. Twitter has been and continues to infringe the '304 patent, literally and under the doctrine of equivalents, including, but not limited to, claims 1, 18, 24, 26, and 30.

22. Twitter has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '304 patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

23. Youtoo has been and continues to be damaged by Twitter's actions.

**SECOND CLAIM FOR INFRINGEMENT**
(Infringement of U.S. Patent No. 8,601,506)

24. Youtoo incorporates by reference Paragraphs 1 - 22 of this Complaint as if set forth below.

25. Youtoo owns all right, title and interest in and has standing to sue for infringement of the '506 patent, entitled "Content Creation and Distribution System," which issued on December 3, 2013.

26. Twitter has infringed and is infringing the '506 patent through its operation of its video creation and distribution application Vine. Vine is a mobile application which allows users to record and upload video content in six-second segments. The Vine application reformats the recordings as necessary. The Vine recordings may ultimately be incorporated into or otherwise distributed via, including but not limited to, social media platforms, webpages, and television broadcasts. Twitter has been and continues to infringe the '506 patent, literally and under the doctrine of equivalents, including, but not limited to, claims 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29 and 30.

27. Twitter has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '506 patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

28.     Youtoo has been and continues to be damaged by Twitter's actions.

## THIRD CLAIM FOR INFRINGEMENT
(Infringement of U.S. Patent No. 9,083,997)

29.     Youtoo incorporates by reference Paragraphs 1 - 28 of this Complaint as if set forth below.

30.     Youtoo owns all right, title and interest in and has standing to sue for infringement of the '997 patent, entitled "Recording and Publishing Content on Social Media Websites," which issued on July 14, 2015.

31.     Twitter has infringed and is infringing the '997 patent through its operation of its video creation and distribution application Vine. Vine is a mobile application which allows users to record and upload video content in six-second segments. The Vine application reformats the recordings as necessary. The Vine recordings may ultimately be incorporated into or otherwise distributed via, including but not limited to, social media platforms, webpages, and television broadcasts. Twitter has been and continues to infringe the '997 patent, literally and under the doctrine of equivalents, including, but not limited to, claims 20, 21, 22, 24, 25, 26, 27, 28, 31, 32, 33 and 34.

32.     Twitter has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '997 patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

33.     Youtoo has been and continues to be damaged by Twitter's actions.

## PRAYER FOR RELIEF

WHEREFORE, Youtoo prays for the following relief:

A. A judgment finding that Twitter has infringed the '304, '506 and '997 patents under 35 U.S.C. § 271(a), (b) and (c);

B. A judgment that the '304, '506 and '997 patents are valid and enforceable;

C. A permanent injunction enjoining Twitter, its agents, officers, assigns and others acting in concert with them, from infringing, inducing infringement of and/or contributing to infringement of the '304, '506 and '997 patents;

D. An award of damages adequate to compensate Youtoo for the infringement of the '304, '506 and '997 patents that has occurred;

E. An award of pre-judgment interest and post-judgment interest on the damages awarded;

F. A judgment that Youtoo is entitled to discretionary enhancement of its damages and other relief provided by 35 U.S.C. § 284;

G. A determination that this is an exceptional case and an award of Youtoo's attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statute or law, and an award to Youtoo of its costs; and,

H. Such other further relief as the Court deems reasonable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

/s/ Jonathan T. Suder
Texas State Bar No. 19463350
Todd I. Blumenfeld
State Bar No. 24067518
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East Fourth Street, Suite 200
Fort Worth, Texas 76102
Email: jts@fsclaw.com
Email: blumenfeld@fsclaw.com
Tel:     (817) 334-0400
Fax:    (817) 334-0401

Paul K. Vickrey (Bar No. 90393IL)
Olivia T. Luk (*pro hac vice application to be filed*)
Laura A. Kenneally (*pro hac vice application to be filed*)
Gretchen L. Schmidt (*pro hac vice application to be filed*)
NIRO LAW
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Email: vickrey@nshn.com
Email: oluk@nshn.com
Email: lkenneally@nshn.com
Email: gschmidt@nshn.com
Tel.:    (312) 236-0733
Fax:    (312) 236-3137

**ATTORNEYS FOR PLAINTIFF
YOUTOO TECHNOLOGIES, LLC**