IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUTOO TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-cv-00764-N |
| v. | § | |
| | § | |
| TWITTER, INC., | § | |
| | § | |
| Defendants. | § | |

## YOUTOO'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

Youtoo Technologies, LLC ("Youtoo") respectfully files this Motion for Leave to Amend its Complaint against defendant Twitter, Inc. ("Twitter") and requests that the Court permit Youtoo to file the Amended Complaint attached hereto as Exhibit A.

### PRELIMINARY STATEMENT

On December 14, 2016—despite the fact that Youtoo timely served infringement contentions in August 2016 accusing Periscope, Twitter's stand-alone live video broadcasting application, of infringing Youtoo's '997 patent—Twitter released an update which allows use of Periscope's functionality from within the Twitter application. That is, Twitter no longer requires its users to leave the Twitter application to use the very functionality Youtoo contends infringes several of the '997 patent claims. Youtoo's infringement contentions notified Twitter that the Twitter application would be accused formally if found to use Periscope technology. Youtoo now seeks to amend its complaint to reflect its timely infringement contentions against Periscope and to incorporate Twitter's newly-released Twitter application. Youtoo's motion for leave to amend is filed within the time permitted by the Court's July 25, 2016 Scheduling Order (Doc. 34).

## I.     FACTS SUPPORTING LEAVE TO AMEND

Youtoo filed this action on March 18, 2016, alleging Twitter infringes U.S. Patent No. 9,083,997 (the "'997 patent"), among other Youtoo patents. In its complaint, Youtoo identified Vine, Twitter's stand-alone mobile device application for recording and sharing video clips, as infringing claims 20, 21, 22, 24, 25, 26, 27, 28, 31, 32, 33, and 34 of the '997 patent. (*See* Doc. 1, ¶¶ 29-33.)

### A.     Youtoo timely serves infringement contentions against Twitter's Periscope application.

On August 26, 2016, pursuant to the Court's July 25, 2016 Scheduling Order (Doc. 34) and the local patent rules (Miscellaneous Order No. 62, ¶ 3-1), Youtoo timely served its infringement contentions in this case. Among other things, Youtoo accused Periscope, Twitter's stand-alone live video broadcasting application, of infringing claims 20, 21, 22, 24, 31, and 32 of the '997 patent. Youtoo's contentions included claim charts identifying where each element of each asserted claim is found in Periscope.

Youtoo's infringement contentions also notified Twitter that the Twitter application may also infringe and may be accused of infringement formally if found to use Periscope.

On December 5, 2016, in response to Youtoo's discovery requests, Twitter, among other things, (1) acknowledged Periscope as the accused product, (2) represented certain Periscope source code had been made available for inspection, and (3) agreed to produce documents concerning Periscope.

### B.     Twitter releases updated Twitter application, "powered by Periscope" on December 14, 2016.

On December 14, 2016, Twitter announced the release of an update to the Twitter application (for both iOS and Android devices) that allows users to broadcast live video from within the Twitter application, using a feature described as "powered by Periscope":

> ***Starting today, you can create and Tweet live video from the Twitter app, powered by Periscope***. To go live, compose a Tweet, then tap "LIVE" which brings you to pre-broadcast screen where you can frame your shot. When you're ready, press "Go Live" to start broadcasting.
>
> * * *
>
> This update is rolling out to everyone on Twitter for iOS and Android over the coming days.

*See* Sara Haider, *Go Live on Twitter!*, https://blog.twitter.com/2016/go-live-on-twitter (Dec. 14, 2016 8:00 AM) (emphasis added) (hereinafter, "December 14, 2016 Twitter Press Release"). Other outlets reported the announcement as well, including TheVerge.com, which wrote:

> Twitter released an update today that will let you broadcast live video from within its app for iOS and Android. The feature is "powered by" Periscope, Twitter's live video app, but can be used regardless of whether you have installed Periscope or created an account. The move represents an attempt to blunt Facebook's chief advantage over Twitter in live video: everyone who has Facebook on their phone can go live without downloading a separate app.
>
> To start a broadcast inside Twitter, tap the button to compose a new tweet and then tap "live." From there you can frame your shot and start your video. During the broadcast, viewers who see your broadcast on their timelines can tap in, comment, and send hearts. If you've used Periscope, it will all feel very familiar — and if you haven't, it's fairly intuitive. (Twitter had previously added a Periscope button to the app, but tapping it just redirected you to Periscope or to an app store to download it.)

*See* Casey Newton, *You can now broadcast live video from the Twitter app*, http://www.theverge.com/2016/12/14/13942840/twitter-live-video-periscope-integration (Dec. 14, 2016 9:00 PM).

In January 2017, Youtoo learned that Twitter released the new Twitter application with integrated Periscope functionality.

3

## II.     ARGUMENT AND AUTHORITIES

### A.     Leave to amend should be freely given under Rule 15(a).

Federal Rule of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations and internal quotation marks omitted); *see also* FED. R. CIV. P. 15(a)(2) (providing a "court should freely give leave when justice so requires"). While decisions concerning motions to amend are within the sound discretion of the district court, "[a] motion to amend a pleading 'should not be denied unless there is a substantial reason to do so.'" *OnAsset Intelligence, Inc. v. Freightweight Int'l (USA), Inc.*, No. 3:11-CV-3148-G, 2012 WL 5409660, at *1 (N.D. Tex. Nov. 6, 2012) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir.1998) (internal quotations omitted)).

Leave to amend under Rule 15(a) therefore is "freely given" unless the opposing party can establish: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previously allowed amendments, (4) undue prejudice to the opposing party by virtue of the amendment, or (5) futility of amendment. *Smith*, 393 F.3d at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). None of these factors are present in this case. The Court should grant Youtoo leave to amend its complaint to reflect Youtoo's timely '997 patent infringement contentions against Periscope and to incorporate the newly-released infringing Twitter application.

### B.     In light of Twitter's conduct, Youtoo should be allowed to amend its complaint.

This is Youtoo's first request for leave to amend its complaint, and it is being made

within the time permitted by the Court's Scheduling Order (Doc. 34).[1] By its proposed amendment, Youtoo seeks only to expressly incorporate allegations that Periscope and the newly released Twitter application infringe the asserted '997 patent. In August 2016, Youtoo timely served Twitter with detailed infringement contentions directed to Periscope. Twitter released the infringing Twitter application with integrated Periscope only five weeks ago, on December 14, 2016. *See* December 14, 2016 Twitter Press Release (announcing release of update to Twitter application which allows users to broadcast live video from within its application using a feature "powered by Periscope"). Youtoo learned of the newly-released product in January 2017. Thus, Youtoo's request for leave to amend its complaint is not sought after undue delay or repeated failure to cure deficiencies by amendments previously allowed, or in bad faith.

Moreover, Twitter will not suffer undue prejudice as a result of Youtoo's amendment. Since August 2016, Twitter has been on notice of Youtoo's formal infringement theories against Periscope and that the Twitter application would be accused of infringement if found to use Periscope. Additionally, all major deadlines are months away—or not yet set by the Court. Markman is more than two months away,[2] and no date has been set for the close of discovery or for trial. Thus, Twitter will not suffer prejudice as a result of Youtoo's amendment of its complaint. Nor will Twitter be prejudiced by Youtoo's subsequent amendment of its infringement contentions to incorporate the newly released Twitter application. Indeed, despite notice of Youtoo's formal infringement case against Periscope,

---

[1] Paragraph 1 of the Court's July 25, 2016 Scheduling Order (Doc. 34) contemplates upon motion filed no later than January 23, 2017, the parties may amend their respective pleadings under Rule 15(a): "[a]ny motion for leave to amend pleadings under Rule 15(a) must be filed within 180 days of this Order. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b)."

[2] Under the Court's Scheduling Order (Doc. 34) and the local patent rules (Miscellaneous Order No. 62, ¶ 4-3 to ¶ 4-6), the Markman hearing would take place April 10, 2017, subject to the Court's schedule.

Twitter chose to integrate the Periscope technology into the Twitter application and to announce the release last month.

Finally, Youtoo's claims against Periscope and Twitter are not futile. An amended complaint is futile only if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, district courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6): a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. Here, Youtoo is seeking to amend its complaint to supplement its allegations that Twitter infringes the '997 patent to expressly identify two additional products (Periscope and the new Twitter application which integrates Periscope functionality). This is clearly a claim upon which relief can be granted. Youtoo already timely served detailed infringement contentions concerning Periscope. The newly released Twitter application integrates the same functionality. The Amended Complaint (attached hereto as Exhibit A) pleads facts in support of Youtoo's claims that would entitle it to relief.

## III. CONCLUSION

For the foregoing reasons, Youtoo respectfully requests that the Court allow Youtoo to amend its complaint to incorporate Periscope and the new Twitter application as products accused of infringing the '997 patent.

DATED: January 23, 2017.                    Respectfully Submitted,

                                            */s/ Samuel E. Joyner*
                                            Samuel E. Joyner
                                             Texas Bar No. 24036865
                                             sjoyner@ccsb.com
                                            Mark C. Howland
                                             Texas Bar No. 24027240
                                             mhowland@ccsb.com
                                            Chijioke E. Offor
                                             Texas Bar No. 24065840
                                             coffor@ccsb.com
                                            **CARRINGTON, COLEMAN, SLOMAN &**
                                             **BLUMENTHAL, L.L.P.**
                                            901 Main Street, Suite 5500
                                            Dallas, Texas 75202
                                            TELEPHONE: (214) 855-3000
                                            FACSIMILE: (214) 855-1333

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **YOUTOO TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule 5.1(e), the undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system on January 23, 2017.

                                            */s/ Samuel E. Joyner*
                                            Samuel E. Joyner

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 23, 2017, I personally attempted to confer with defendant's counsel (Sonal Mehta) concerning the relief sought in this Motion. Defendant has not indicated that it is unopposed to the requested relief. Thus, this Motion is opposed.

                                            */s/ Samuel E. Joyner*
                                            Samuel E. Joyner