**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | |
|---|---|
| YOUTOO TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>TWITTER, INC.,<br><br>                    Defendant. | Case No. 3:16-cv-00764-N |

**OPPOSED MOTION FOR EXPEDITED RELIEF TO MODIFY SCHEDULING ORDER**

**I.     INTRODUCTION**

Defendant Twitter, Inc. ("Twitter") seeks expedited relief to modify the scheduling order to briefly extend the January 26 deadline for the parties to file a Joint Claim Construction Statement and the related claim-construction schedule in light of Plaintiff Youtoo Technologies, LLC's ("Youtoo") last-minute Motion for Leave to Amend the Complaint to add new infringement theories. Despite the product Youtoo seeks to add to this lawsuit being available since early December 2016, Youtoo filed its Motion without meeting and conferring as required by Local Rule 7.1 and just three days before the parties' Joint Claim Construction and Prehearing Statement is due. Indeed, Youtoo never once mentioned its intention to file its Motion to Twitter, which broadly changes the scope of this lawsuit, despite a myriad of communications between the parties over the last two months. Thus, Twitter seeks a modest extension of the claim construction schedule so that it can review Youtoo's new infringement contentions— which Youtoo has stated it will serve at an unspecified future date—prior to finalizing the list of disputed claim limitations and Twitter's proposed claim constructions. Twitter's request will not impact any major deadline beyond claim construction, will alleviate the prejudice to Twitter

1

caused by Youtoo's attempt to bring its new infringement theories in the midst of claim construction proceedings, and will facilitate the orderly administration of this litigation by restoring the disclosure sequence set forth in the local patent rules, Miscellaneous Order No. 62 ("MO62").

## II.     ARGUMENT

Youtoo filed its Motion for Leave to Amend at 9:20 p.m. on January 23, 2016, the last day to file such a motion under Rule 15(a) and the Court's Scheduling Order.  Doc. 52; Doc. 34 ¶ 1.  Despite the product Youtoo seeks to add to this lawsuit being available since early December 2016, prior to January 23, Youtoo made no attempt to meet and confer with Twitter regarding its proposed amendment or how that amendment would impact the case schedule.  Miller Decl. ¶ 2.  Instead, Youtoo left a voicemail message and sent an email to Twitter's counsel after 4:00 pm on the date of filing, stating "[u]nless you tell me otherwise, Youtoo's motion will indicate that Twitter opposes Youtoo's request" to amend its Complaint.  *Id.*, Ex. 1.  Alerting opposing counsel for the first time of a proposed motion just hours before it is due does not satisfy the meet and confer requirements of this Court.

As Youtoo admits, Twitter announced the features that Youtoo now seeks to add to its infringement theories on December 14, 2016.  Doc. 52 at 2–3.  This release was reported by various news outlets.  *Id*.  Nevertheless, Youtoo chose to delay filing its Motion until the final day to move to amend under Rule 15(a), and just three days before the parties' Joint Claim Construction Statement was due.

Contrary to Youtoo's statements in its Motion for Leave to Amend, Twitter will suffer undue prejudice as a result of Youtoo's attempt to amend the Complaint to add new infringement theories involving an entirely new product after claim construction is underway.  Youtoo's statement that "all major deadlines are months away—or not yet set by the Court," Doc. No. 52

at 5, is demonstrably untrue:  the Joint Claim Construction Statement is due *tomorrow* (January 26, 2017), opening claim construction briefs are due on March 13, and responsive claim construction briefs are due on March 27.  Doc. No. 34; MO62 ¶ 4-5.  It is indisputable that claim construction is of the utmost importance in any patent infringement litigation.  While Youtoo claims that it will, at an unspecified date in the future, serve amended infringement contentions to include its new theories, it asks Twitter to proceed with the claim construction process without notice of those amended infringement contentions.[1]  Miller Decl. ¶ 3.  To require Twitter to bind itself to constructions on as yet undisclosed infringement theories on a product that has not even been added to the lawsuit is nothing but prejudicial.  For good reason, this is contrary to the procedure set forth in the local patent rules, which expressly provides for the disclosure of infringement and invalidity contentions *before* the claim construction process.  Indeed, it defeats the very purpose of the local rules' requirement of an orderly exchange of contentions prior to claim construction .  Youtoo should not be permitted to withhold the details of its new infringement theory, only to serve them *after* Twitter finalizes its list of disputed claim limitations and proposed claim constructions.

     Had Youtoo attempted to meet and confer in good faith prior to filing its Motion, Twitter would have proposed the same reasonable compromise it did the day after Youtoo filed its Motion.  Namely, Twitter would not oppose Youtoo's Motion, provided that Youtoo would agree to a modest extension of the claim construction deadlines to allow for Youtoo to disclose, and Twitter to consider, Youtoo's contentions with respect to the new accused product Youtoo seeks to add into the case.  Miller Decl., Ex. 2.  As Youtoo itself argued in support of its Motion,

---

[1]     Youtoo's prior vague statements that "the Twitter application would be accused of infringement if found to use Periscope," Doc. 52 at 5, provides Twitter with no information regarding Youtoo's infringement contentions against the Twitter application, and certainly does not meet the requirements of MO62 ¶ 3-1.

discovery remains in its early stages and Twitter's proposed extension would not affect any other deadline in the case. This compromise mitigates the prejudice to Twitter caused by Youtoo's last-minute request to add new infringement theories, and ensures that the case will proceed efficiently based on the procedure set forth in the local patent rules. Youtoo's rejection of Twitter's proposed compromise confirms that Youtoo is seeking to force Twitter to engage in claim construction proceedings while keeping Twitter in the dark on Youtoo's infringement contentions. Miller Decl. ¶ 3.

## III. REQUESTED RELIEF

For the foregoing reasons, Twitter requests the Court modify the case schedule as follows:

1. Youtoo's amended infringement contentions shall be due on January 31, 2017;
2. Twitter's amended invalidity contentions, if any, shall be due on March 7, 2017;
3. The parties shall exchange proposed terms and claim elements for construction under MO62 ¶ 4-1 on March 14, 2017;
4. The parties shall exchange preliminary claim constructions and extrinsic evidence under MO62 ¶ 4-2 on March 28, 2017; and
5. The parties shall file a joint claim construction and prehearing statement under MO62 ¶ 4-3 on April 11, 2017.

Further, because Youtoo brought its Motion for Leave to Amend just three days prior to the deadline to file the Joint Claim Construction Statement and did not respond to Twitter's request for a modest extension of the schedule until the afternoon on January 25, Twitter did not have the opportunity to seek this relief until the evening before the filing of the Joint Claim Construction Statement. Thus, absent an Order from the Court otherwise, Twitter is submitting its portions of the Joint Claim Construction Statement in compliance with the current case schedule, but does so

subject to its objections set forth herein and subject to its request to extend the claim construction schedule. Should the Court grant Twitter's request, Twitter further asks that the Joint Claim Construction Statement submitted by the parties on January 26, 2017 be stricken and that neither side be permitted to rely on that submission for any purpose.

Dated: January 25, 2017                    DURIE TANGRI LLP

By:  */s/ Laura E. Miller*
SONAL N. MEHTA (*Pro Hac Vice*)
smehta@durietangri.com
LAURA E. MILLER (*Pro Hac Vice*)
lmiller@durietangri.com
JAMES S. TSUEI (*Pro Hac Vice*)
jtsuei@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

HAYNES & BOONE LLP
David L. McCombs
Charles M. Jones II
2323 Victory Avenue, Suite 700
Dallas, TX 75219
United States of America
Telephone: 214.651.5000
Facsimile: 214.651.5940

Attorneys for Defendant Twitter, Inc.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 25, 2017, my colleague Sonal Mehta and I conferred with Youtoo's counsel, Samuel E. Joyner, Mark Howland, and Chijioke E. Offor, concerning the relief sought in this Motion. Youtoo has indicated that it is opposed to the requested relief.

                                                                */s/ Laura E. Miller*
                                                                Laura E. Miller

**CERTIFICATE OF SERVICE**

On January 25, 2017 I electronical1y submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Ru1e of Civi1 Procedure 5(b)(2).

                                                                */s/ Laura E. Miller*
                                                                Laura E. Miller