IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YOUTOO TECHNOLOGIES, LLC,          §
                                   §
   Plaintiff,                      §
                                   §
v.                                 §          Civil Action No.  3:16-CV-0764-N
                                   §
TWITTER, INC.,                     §
                                   §
   Defendant.                      §

## ORDER

This Order addresses Defendant Twitter, Inc.'s ("Twitter") motion for contempt and sanctions [97], motion for a protective order [108], motions to compel [116, 120], motion for leave to file under seal [118], and motion for sanctions [126].  For the reasons stated below, the Court: (1) denies the motion for contempt and sanctions [97]; (2) grants the motion for a protective order [108]; (3) reserves judgment on the motion to compel production from certain Youtoo affiliates pending a hearing on the motion [116]; (4) grants the motion for leave to file under seal [118]; (5) denies the motion to compel production from Youtoo Media, L.P. ("Youtoo Media") [120], and (6) denies the motion for sanctions [126].

## I. ORIGINS OF THE DISPUTE

This case arises from the alleged infringement of U.S. Patent No. 8,464,304 ("the '304 Patent"), U.S. Patent No. 8,601,506 ("the '506 Patent"), and U.S. Patent No. 9,083,997 ("the '997 Patent").  The patents cover a system of receiving and distributing user-generated video

ORDER – PAGE 1

content for distribution on television broadcasts and the internet.  In November 2016, the Court granted Twitter's partial motion to dismiss, holding that  the '304 and '506 Patents were invalid as being directed to patent-ineligible subject matter.  Order 5 [39].  Thus Plaintiff Youtoo Technologies, LLC's ("Youtoo") only remaining claim is for infringement of the '997 Patent.  Twitter served requests for production in October 2016, and served various document subpoenas from December 2016 to March 2017.  On March 31, 2017, Twitter filed a motion to compel document production against Youtoo.  The Court granted the motion on May 31, 2017 and issued an Order (the "May 31 Order") requiring Youtoo to produce all documents responsive to Twitter's discovery requests by June 14, 2017.  Order 5 [95].  Twitter has now filed six motions regarding its discovery disputes with Youtoo and various nonparties.  The Court will address each motion in turn.

## II. THE COURT DENIES TWITTER'S MOTION FOR CONTEMPT AND SANCTIONS

In its motion for contempt and sanctions [97], Twitter argues that Youtoo has failed to produce responsive documents on a number of key issues.  Twitter seeks an order finding Youtoo in contempt of the Court's May 31 Order and entering monetary sanctions against Youtoo.  The Court denies Twitter's motion.

### A. Legal Standard for Contempt and Sanctions

To show that civil contempt is warranted, a moving party "bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order."  *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d

392, 401 (5th Cir. 1987). The standard of proof for civil contempt is clear and convincing

evidence, which is:

> that weight of proof which produces in the mind of the trier of fact a firm
> belief or conviction as to the truth of the allegations sought to be established,
> evidence so clear, direct and weighty and convincing as to enable the fact
> finder to come to a clear conviction, without hesitancy, of the truth of the
> precise facts of the case.

*Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004) (internal

quotation marks omitted). These elements make up the movant's *prima facie* case. *See*

*Crawford*, 826 F.2d at 401. Once the movant has satisfied its burden, "the burden shifts to

the respondent to . . . demonstrate an inability to comply . . . or present other relevant

defenses" to avoid a contempt finding. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir.

1995).

Courts may award sanctions under Federal Rule of Civil Procedure 37 for failure to

comply with discovery obligations. A court may also enter sanctions pursuant to its inherent

powers, under which it has the "authority to impose sanctions in order to control the litigation

before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th

Cir. 2010) (internal quotation marks omitted). Courts are further empowered to award costs

and attorneys' fee as sanctions pursuant to 28 U.S.C. § 1927, which provides: "Any attorney

or other person admitted to conduct cases in any court of the United States . . . who so

multiplies the proceedings in any case unreasonably and vexatiously may be required by the

court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct."

### B. The Court Denies Twitter's Motion

Twitter asserts that Youtoo has failed to produce responsive documents on key issues including ownership and security interests in Youtoo's patents, commercial embodiments of the claimed technology, product marking, and Youtoo's retention of AQUA Licensing, LLC. Twitter thus moves the Court for an order finding Youtoo in contempt of the May 31 Order and imposing monetary sanctions.

In its surreply to Twitter's motion, Youtoo details its efforts to produce all responsive documents in its possession regarding Twitter's enumerated categories of discovery. Youtoo asserts that it searched all physical files and physical and electronic storage locations, with the exception of e-mail correspondence,[1] and produced all additional responsive documents in its possession. In light of Youtoo's stated efforts to comply with its discovery obligations, the Court holds that Twitter has failed to satisfy its heavy burden of showing by clear and convincing evidence that Youtoo disregarded the Court's May 31 Order such that a finding of contempt is warranted. The Court further holds that Youtoo's conduct does not merit sanctions. The Court therefore denies Twitter's motion.

### III. THE COURT GRANTS TWITTER'S MOTION FOR A PROTECTIVE ORDER

On August 11, 2017, Youtoo's counsel filed a notice with the Court that it intended to depose Heartland Bank ("Heartland") and Joseph Gregory, Heartland's Senior Vice

---

[1]To obtain email discovery under the parties' electronic discovery agreement, the party seeking discovery is required to "propound specific requests for emails and agree to meet and confer in good faith prior to any request for email being made." Jt. Status Rept. 10–11 [32].

President and General Counsel, on August 24, 2017.  Three business days later, on August

16, 2017, Twitter moved for a protective order postponing the deposition [108].  Twitter

claimed that Youtoo had failed to consult with Twitter's counsel before noticing the

deposition, and that Twitter's counsel was unavailable on August 24.  Twitter further

asserted that proceeding with the deposition would prejudice Twitter, as Heartland had not

yet produced many of the requested documents Twitter sought via document subpoena.

Finally, Twitter asserted that the proposed deposition structure created a risk to the fair and

efficient administration of justice because it would permit Carrington, Coleman, Sloman &

Blumenthal ("Carrington Coleman"), counsel for Youtoo, to examine Heartland, which

Carrington Coleman also represented and which had legal interests adverse to Youtoo's

interests in this case.  Twitter thus asserted that good cause existed to postpone the

deposition.

Youtoo nevertheless proceeded with the deposition on August 24, 2017.  It then filed

a response to Twitter's motion for a protective order on September 6, 2017, asserting that the

motion was moot because the deposition had already occurred.  Youtoo further argued that

Twitter lacked good cause for staying the deposition in the first place.  Twitter then moved

the Court to strike any testimony elicited at the deposition.

The Scheduling Order governing this case states that a "motion or objection to the

taking of a deposition that is filed within three business days of the notice has the effect of

staying the deposition pending court order on the motion or objection." Sched. Order 4 [34].

Twitter filed its motion for a protective order three business days after Youtoo noticed the

deposition at issue.  Youtoo nonetheless went ahead with the deposition.  But a party may not "moot" a motion for a protective order by unilaterally proceeding with the contested conduct and then asserting that the motion is no longer in dispute.  All parties appearing before the Court are responsible for following the Court's Scheduling Orders.  In light of Youtoo's decision to proceed with the contested deposition despite clear language in the Court's Scheduling Order to the contrary, the Court grants Twitter's motion and strikes Youtoo's deposition of Heartland and Gregory.

### IV. THE COURT RESERVES JUDGMENT ON TWITTER'S MOTION TO COMPEL DOCUMENT PRODUCTION FROM THE YOUTOO AFFILIATES

On August 4, 2017, Twitter served document subpoenas on seven nonparties: Youtoo Capital Partners, L.P.; Youtoo Licensing, LLC; Youtoo Management, LLC; Youtoo Media Properties, LLC; Youtoo Networks, LLC; Youtoo.com, LLC; and YoutooTV, LLC (collectively, the "Youtoo Affiliates").  Twitter now moves to compel production from the Youtoo Affiliates [116].  For the reasons set forth below, the Court reserves judgment pending a hearing on Twitter's motion.

#### A. Legal Standard for Challenging Rule 45 Document Subpoenas

A party may serve subpoenas for document production on nonparties under Federal Rule of Civil Procedure 45.  *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 42 (N.D. Tex. 2015) ("Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D.

Tex. 2009))).  Such a subpoena may command production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  FED. R. CIV. P. 45(c)(2).

Any person commanded to produce documents under Rule 45 may object in writing to the subpoena.  FED. R. CIV. P. 45(d)(2)(B).  Such objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  *Id.*  If objections are made, the party seeking discovery, at any time and on notice to the commanded person, "may move the court for the district where compliance is required for an order compelling production or inspection."  *Id.*

"In the majority of cases, a person—whether a traditional party (i.e., a plaintiff or defendant) or a non-party—waives objections if he/she/it fails either to serve timely objections on the party seeking discovery or to file a timely motion with the court."  *In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016).  Courts have repeatedly recognized this principle.  *See, e.g.*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Isenberg*, 661 F. Supp. 2d at 629 ("'The failure to serve written objections to a subpoena within the time specified by [Rule 45(d)(2)(B)] typically constitutes a waiver of

such objections.'" (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996))).

"However, in unusual circumstances and for good cause . . . the failure to act timely will not bar consideration of objections." *In re Denture Cream Products Liab. Litig.*, 292 F.R.D. 120, 124 (D.D.C. 2013) (internal quotation marks and citation omitted). Such circumstances include those where:

> (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; . . . (2) the subpoenaed witness is a nonparty acting in good faith; . . . and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged [the] legal basis for the subpoena.

*Id*. (alterations in original) (citation omitted). "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008) (footnote omitted); *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (holding that movants lacked "standing to raise the issue of [the subpoenaed party's] amenability to the compulsory process of the district court since they [were] not in possession of the materials subpoenaed and ha[d] not alleged any personal right or privilege with respect to the materials subpoenaed.").

If a party fails to respond or object to a subpoena, "[t]he remedy . . . is to seek to hold the non-complying person in contempt of court" under Federal Rule of Civil Procedure 45(g). *Skodam Films*, 313 F.R.D. at 57–58 (internal quotation marks omitted).

### B. *The Court Reserves Judgment on Twitter's Motion Pending a Hearing*

On August 4, 2017, Twitter hand-served document subpoenas on each of the Youtoo Affiliates' respective service agents in Delaware.  The subpoenas commanded each of the Youtoo Affiliates to produce the requested documents at Haynes Boone LLP's ("Haynes Boone") office in Dallas, Texas.  On August 17, 2017, the registered agent for five of the Youtoo Affiliates returned the subpoenas served on each of those entities to Twitter, along with the explanation that "all mail forwarded to the entity's last known address has been returned and all efforts to locate or contact the entity have been unsuccessful."  Mot. to Compel 1 [116].  Twitter asserts that it has been unable to determine whether the five companies are no longer in operation or whether they merely failed to update their service information.  As of the filing of Twitter's motion, none of the Youtoo Affiliates had responded or objected in any way to the subpoenas.

Twitter now moves to compel document production from the Youtoo Affiliates. Twitter asserts that the production sought concerns core issues in the case, including patent invalidity, ownership, and damages.  Given the Youtoo Affiliates' failure to timely respond to the document subpoenas, Twitter moves the Court to hold that the Youtoo Affiliates have waived all objections and order the Youtoo Affiliates to produce all relevant documents in their possession, custody, or control.  To the extent any of the Youtoo entities claims that one or more of the other Youtoo entities no longer exists, Twitter further moves the Court to order that entity to submit a declaration explaining when the other Youtoo entity closed and what happened to the entity's documents.

While Twitter moves to compel production from the Youtoo Affiliates, "[t]he remedy for failure to comply with a subpoena is to seek to hold the non-complying person in contempt of court" under Federal Rule of Civil Procedure 45(g). *Skodam Films*, 313 F.R.D. at 57–58 (internal quotation marks omitted). The Court will thus construe Twitter's motion as a motion for contempt.

Twitter does not direct the Court to anything in the record indicating that the Youtoo Affiliates reside or regularly transact business within 100 miles of Haynes Boone's Dallas office such that they were required to respond to Twitter's subpoenas. *See* FED. R. CIV. P. 45(c)(2) (stating that a subpoena may command production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."). But given that none of the Youtoo Affiliates has raised this argument or responded in any way to the subpoenas, the Court will issue a show cause order requiring the Youtoo Affiliates to show why they should not be held in contempt for their failure to comply with the subpoenas. The Court will further set both the motion for contempt and the show cause order for hearing. Twitter should be prepared to demonstrate at the hearing that the Youtoo Affiliates were properly served with the subpoenas and that each Youtoo Affiliate resides or regularly transacts business within 100 miles of Haynes Boone's Dallas office.

## V. THE COURT  GRANTS TWITTER'S MOTION FOR LEAVE TO FILE UNDER SEAL

Twitter moves for leave to file under seal certain portions of its motion to compel document production from Youtoo Media [118]. Twitter asserts that the redacted portions of the motion and certain exhibits to the motion contain information designated as "Confidential Attorney Eyes Only Information" under the Agreed Protective Order in this

case.  To date, Youtoo has failed to respond to Twitter's motion.  The Court thus grants Twitter's motion and Orders that the redacted portions of the motion to compel document production from Youtoo Media and related exhibits to the motion be filed under seal.

## VI. THE COURT DENIES TWITTER'S MOTION TO COMPEL DOCUMENT PRODUCTION FROM YOUTOO MEDIA

Twitter additionally moves to compel document production from Youtoo Media [120]. For the reasons set forth below, the Court denies Twitter's motion.

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure." FED. R. CIV. P. 37(a)(3)(A).  But a "party or non-party 'cannot produce what it does not have.'"  *ORIX USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) (quoting *Solorzano v. Shell Chem. Co.*, No. Civ. A.99-2831, 2000 WL 1145766, at *7 (E.D. La. Aug. 14, 2000)).  Thus, "'[c]learly, the court cannot compel [a party or non-party] to produce non-existent documents.'"  *ORIX*, 2016 WL 4095603, at *5 (alterations in original) (quoting *Beasley v. First Am. Real Estate Info. Servs., Inc.*, No. 3:04-CV-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005)).  "In the face of a denial by a party that it has possession, custody or control of documents, the [requesting] party must make an adequate showing to overcome this assertion."  *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (alteration in original) (quoting *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, Civ. A. No. 12-2071, 2014 WL 2155242, at *2 (E.D. La. May 22, 2014)).  "The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or

incorrect." *Heller*, 303 F.R.D. at 486 (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind.1992)).

To date, Youtoo Media has produced two documents in response to Twitter's subpoena.  Twitter now asserts that Youtoo Media is withholding key documents.  Twitter moves the Court to compel Youtoo Media to produce all responsive documents in its possession, custody, or control.  In the alternative, Twitter asks the Court to order Youtoo Media to provide a detailed declaration regarding its discovery efforts.  But Twitter has produced no evidence beyond mere speculation that additional responsive documents exist.  Because mere suspicion is an insufficient basis for compelling discovery, *Heller*, 303 F.R.D. at 486, the Court denies Twitter's motion.

## VII. THE COURT DENIES TWITTER'S MOTION FOR SANCTIONS

As set forth in Section III *supra*, Youtoo and its counsel, Carrington Coleman, previously deposed Heartland and Gregory on August 24, 2017.  Youtoo and Carrington Coleman proceeded with the deposition despite clear language in the Court's Scheduling Order automatically staying depositions where, as here, the opposing party files a motion for a protective order within three business days of the notice of deposition.  Twitter now moves to recover the fees and costs it incurred as a result of Youtoo and Carrington Coleman's behavior [126].  Twitter further moves to preclude Youtoo from relying on any information obtained from Heartland regarding ownership of the patents at issue.   However, the Court believes that striking the August 24, 2017, deposition of Heartland and Gregory is a sufficient sanction for Youtoo and Carrington Coleman's conduct.  The Court thus denies Twitter's motion.

## CONCLUSION

The Court denies Twitter's motion for contempt and sanctions [97]; grants Twitter's motion for a protective order [108] and strikes the August 24, 2017 deposition of Heartland and Gregory; reserves judgment on Twitter's motion to compel production from the Youtoo Affiliates [116]; grants Twitter's motion for leave to file under seal [118]; denies Twitter's motion to compel production from Youtoo Media [120]; and denies Twitter's motion for sanctions [126].

Signed December 12, 2017.

David C. Godbey
United States District Judge