# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| VIDSTREAM, LLC, | Case No. 3:16-cv-00764-N |
| Plaintiff, | |
| v. | |
| TWITTER, INC. | |
| Defendant. | |

## DEFENDANT TWITTER, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Twitter, Inc. ("Defendant" or "Twitter"), by and through their undersigned counsel, responds to Plaintiff VidStream, LLC's ("Plaintiff" or "VidStream") Second Amended Complaint ("the Complaint") as follows:

## ANSWER

1.      Twitter admits that this action purports to be one for patent infringement against Twitter arising under Title 35 of the United States Code.  Twitter admits that Plaintiff purports to assert U.S. Patent Nos. 8,464,304 (the "'304 patent") and 8,601,506 (the "'506 patent") against Twitter.  Except as so expressly admitted, denied.

## PARTIES

2.      Twitter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies those allegations.

3.      Twitter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies those allegations.

4.      Twitter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies those allegations.

5.      Twitter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies those allegations.

6.      Twitter admits that it is a Delaware corporation with a principal place of business at 1355 Market Street, Suite 900, San Francisco, California 94103, and that its agent for service of process is CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.  Except as so expressly admitted, denied.

7.      Twitter admits that it acquired Vine in October 2012.  Twitter admits that it acquired Periscope in January 2015.  Twitter expressly denies infringement of any valid claim of the '304 or '506 patents in Texas or elsewhere.  Except as so expressly admitted, denied.

2

## JURISDICTION AND VENUE

8.     Twitter admits that this action purports to be an action for patent infringement arising under Title 35 of the United States Code.  Twitter admits that this Court has subject matter jurisdiction over the allegations in the Complaint as pleaded under 28 U.S.C. §§ 1331 and 1338(a).  Except as so expressly admitted, denied.

9.     For purposes of this action, Twitter admits that this Court has personal jurisdiction over it with respect to the asserted claims.  Except as so expressly admitted, denied.

10.    Denied.

11.    Denied.

12.    Twitter denies that venue is proper where Twitter neither resides nor has a regular and established place of business in the Northern District of Texas.  To the extent that Twitter does not challenge venue via motion, it is only due to the unique and long procedural history of this action, including that which predates changes in the law relating to venue including *TC Heartland*.

## PRIOR ART AND GENERAL TECHNOLOGY BACKGROUND[1]

13.    Twitter admits that prior to the effective filing date(s) of the '304 and '506 patents, "individuals could record video content, in the form of a file, on their local device and then upload the video content file(s) to distribution sites like YouTube over the Internet or other data networks."  Twitter further admits that prior to the effective filing date(s) of the '304 and '506 patents, "[i]ndividuals could capture [video] files on a wide variety of user devices, such as mobile phones having integrated digital cameras or digital cameras connected to personal

---

[1] Twitter has maintained the section headings from the Complaint throughout this Answer for purposes of convenience only.  Twitter's use of the section headings should not be construed as an admission or concession regarding the accuracy, implications, or relevance of those headings.  To the extent any section headings contain an allegation of fact that should require an answer, Twitter denies that allegation unless it is expressly admitted.

computers running software capable of capturing and encoding video data to create the video files." Twitter further admits that prior to the effective filing date(s) of the '304 and '506 patents, "[i]ndividuals could then upload such video files to video sharing sites." Except as so expressly admitted, denied.

14.    Paragraph 14 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 14 includes factual allegations, Twitter admits that Paragraph 14 describes various concepts regarding video files, CODECs, and encoding parameters for video files. Except as so expressly admitted, denied.

15.    Paragraph 15 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 15 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies those allegations.

## IMPROVEMENTS AND PROBLEMS SOLVED BY THE PATENTED INVENTIONS

16.    Paragraph 16 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 16 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint and therefore denies those allegations. To the extent Paragraph 16 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

17.    Paragraph 17 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 17 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint and therefore denies those allegations. To the extent Paragraph

4

17 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

18.     Paragraph 18 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 18 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Complaint and therefore denies those allegations.  To the extent Paragraph 18 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

19.     Paragraph 19 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 19 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint and therefore denies those allegations.  To the extent Paragraph 19 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

20.     Paragraph 20 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 20 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the Complaint and therefore denies those allegations.  To the extent Paragraph 20 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

21.     Paragraph 21 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 21 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of

5

Paragraph 21 of the Complaint and therefore denies those allegations.  To the extent Paragraph 21 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

22.    Paragraph 22 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 22 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22 of the Complaint and therefore denies those allegations.  Twitter admits that Paragraph 22 purports to include a figure from the asserted patents and quote portions of the '304 patent; the patent speaks for itself.  To the extent Paragraph 22 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

23.    Paragraph 23 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 23 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of the Complaint and therefore denies those allegations.  To the extent Paragraph 23 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

24.    Paragraph 24 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 24 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the Complaint and therefore denies those allegations.  To the extent Paragraph 24 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

6

25.    Paragraph 25 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 25 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the Complaint and therefore denies those allegations.  Twitter admits Paragraph 25 purports to quote portions of the '304 patent; the patent speaks for itself.  To the extent Paragraph 25 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

26.    Paragraph 26 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 26 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the Complaint and therefore denies those allegations.  Twitter admits Paragraph 26 purports to quote portions of the '304 patent; the patent speaks for itself.  To the extent Paragraph 26 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

27.    Paragraph 27 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 27 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Complaint and therefore denies those allegations.  Twitter admits Paragraph 27 purports to quote portions of the '304 patent; the patent speaks for itself.  To the extent Paragraph 27 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

28.    Paragraph 28 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 28 includes factual allegations, Twitter lacks

knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 of the Complaint and therefore denies those allegations. To the extent Paragraph 28 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

29.     Paragraph 29 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 29 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Complaint and therefore denies those allegations. Twitter admits Paragraph 29 purports to quote portions of the '304 patent; the patent speaks for itself. To the extent Paragraph 29 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

30.     Paragraph 30 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 30 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 of the Complaint and therefore denies those allegations. Twitter admits Paragraph 30 purports to recite claim 1 of the '304 patent; the patent speaks for itself. To the extent Paragraph 30 attempts to characterize the purported inventions described and/or claimed in the '304 patent, the patent speaks for itself.

31.     Paragraph 31 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 31 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 of the Complaint and therefore denies those allegations. Twitter admits Paragraph 31 purports to quote portions of claims 17, 22, and 26 of '304 patent; the patent speaks for itself.

8

To the extent Paragraph 31 attempts to characterize the purported inventions described and/or claimed in the '304 patent, the patent speaks for itself.

32.     Paragraph 32 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 32 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 of the Complaint and therefore denies those allegations.  Twitter admits Paragraph 32 purports to recite claim 1 of the '506 patent; the patent speaks for itself.  To the extent Paragraph 32 attempts to characterize the purported inventions described and/or claimed in the '506 patent; the patent speaks for itself.

33.     Paragraph 33 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 33 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 of the Complaint and therefore denies those allegations.  Twitter admits Paragraph 33 purports to recite portions of claims 16, 23, and 26 of the '506 patent; the patent speaks for itself.  To the extent Paragraph 33 attempts to characterize the purported inventions described and/or claimed in the '506 patent; the patent speaks for itself.

34.     Paragraph 34 includes subjective characterizations and assertions that do not require a response.  To the extent Paragraph 34 includes factual allegations, Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34 of the Complaint and therefore denies those allegations.  To the extent Paragraph 34 attempts to characterize the purported inventions described and/or claimed in the asserted patents, the patents speak for themselves.

## TWITTER'S IPR CHALLENGE TO THE '304 PATENT FAILED, AND THE PTAB FOUND ALL CHALLENGED CLAIMS PATENTABLE

35.     Twitter admits that on March 24, 2017, it filed a petition before the United States Patent Trial and Appeal Board ("PTAB") seeking *inter partes* review ("IPR") of the '304 patent (the "'304 IPR"). Twitter's March 24, 2017 petition in the '304 IPR speaks for itself. Except as so expressly admitted, denied.

36.     Paragraph 36 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 36 includes factual allegations, Twitter's March 24, 2017 petition in the '304 IPR, and the publication by Janne Lahti et al., "A Mobile Phone-based Context-Aware Video Management Application," Multimedia on Mobile Devices II, Proc. Of SPIE-IS&T Electronic Imaging, SPIE Vol. 6074, 607400, 2006 ("Lahti") speak for themselves. Except as so expressly admitted, denied.

37.     Paragraph 37 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 37 includes factual allegations, Twitter admits that the PTAB issued its Final Written Decision in the '304 IPR on January 23, 2019, that Exhibit C is a copy of the '304 Final Written Decision, and that the document speaks for itself. Except as so expressly admitted, denied.

38.     Paragraph 38 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 38 includes factual allegations regarding the '304 Final Written Decision, the Decision speaks for itself. Except as so expressly admitted, denied.

39.     Paragraph 39 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 39 includes factual allegations, the '304 Final Written Decision speaks for itself. Except as so expressly admitted, denied.

## TWITTER'S IPR CHALLENGE TO THE '506 PATENT FAILED, AND THE PTAB FOUND ALL CHALLENGED CLAIMS PATENTABLE

40.    Twitter admits that on March 24, 2017, it filed a petition before the United States Patent Trial and Appeal Board ("PTAB") seeking *inter partes* review ("IPR") of the '506 patent (the "'506 IPR"). Twitter's March 24, 2017 petition in the '506 IPR speaks for itself. Except as so expressly admitted, denied.

41.    Paragraph 41 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 41 includes factual allegations, Twitter's March 24, 2017 petition in the '506 IPR speaks for itself. Except as so expressly admitted, denied.

42.    Paragraph 42 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 42 includes factual allegations, Twitter admits that the PTAB issued its Final Written Decision in the '506 IPR on January 23, 2019, that Exhibit D is a copy of the '506 Final Written Decision, and that the document speaks for itself. Except as so expressly admitted, denied.

43.    Paragraph 43 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 43 includes factual allegations regarding the '506 Final Written Decision, the Decision speaks for itself. Except as so expressly admitted, denied.

44.    Paragraph 44 includes subjective characterizations and assertions that do not require a response. To the extent Paragraph 44 includes factual allegations, the '506 Final Written Decision and the '304 Final Written Decision speak for themselves. Except as so expressly admitted, denied.

## ALL METHODS OF CAPTURING, UPLOADING, AND DISTRIBUTING VIDEO CONTENT ARE NOT PREEMPTED BY THE '304 AND '506 PATENTS

45.    This paragraph includes subjective characterizations and assertions and/or legal conclusions that do not require a response. Except as so expressly admitted, denied.

11

46.     Twitter admits that the Lahti prior art system includes a video management system having a video server and a mobile camera-phone application called MobiCon. Twitter admits that MobiCon allows a user to capture videos, annotate them, specify digital rights management settings, upload videos over a cellular network, and share the videos with others. Twitter admits that MobiCon operates on the Candela system architecture, which was developed as a solution for general video management and includes tools for video creation, analysis, annotation, storage, search, and delivery phases. The remaining statements in Paragraph 46 include subjective characterizations and assertions that do not require a response. To the extent the remaining statements in Paragraph 46 includes factual allegations, the '506 Final Written Decision, the '304 Final Written Decision, and Lahti speak for themselves. Twitter lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 46 of the Complaint and therefore denies those allegations.

## TWITTER'S KNOWLEDGE OF THE ASSERTED PATENTS

47.     Twitter admits that Twitter representatives and Youtoo representatives held discussions between 2013 and 2015. Except as so expressly admitted, denied.

48.     Twitter admits that Twitter representatives and Youtoo representatives held discussions between 2013 and 2015. Paragraph 48 includes subjective characterizations and assertions that do not require a response. Except as so expressly admitted, denied.

49.     Paragraph 49 includes subjective characterizations and assertions that do not require a response. To the extent that Paragraph 49 includes factual allegations, Twitter admits that Twitter representatives and Youtoo representatives held discussions between 2013 and 2015. Paragraph 49 further purports to summarize communications exchanged between the parties, and those communications speak for themselves. Except as so expressly admitted, denied.

12

50.    Denied.

51.    Twitter admits that Twitter representatives and Youtoo representatives held discussions between 2013 and 2015.  Paragraph 51 further appears to summarize communications exchanged between the parties, and those communications speak for themselves.  Except as so expressly admitted, denied.

## FIRST CLAIM FOR INFRINGEMENT
### (Infringement of U.S. Patent No. 8,464,304)

52.    Twitter incorporates by reference its responses to the foregoing paragraphs.

53.    Twitter admits that the '304 patent is titled on its face "Content Creation and Distribution System," states on its face that it was issued June 11, 2013, and lists Mark A. Harwell, Christopher W. Wyatt, and Ryland M. Reed as inventors.  Except as so expressly admitted, Twitter denies the remaining allegations of this paragraph.

54.    Twitter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and therefore denies those allegations. VidStream bears the burden of proof that it has standing to sue for infringement; based on the information known to Twitter, there remain serious questions as to whether VidStream owns all right, title, and interest in and has standing to sue for infringement of the '304 patent.  Except as so expressly admitted, denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

13

ACTIVEUS 194482982v.9

61.    Twitter admits that Paragraph 61 purports to recite claim 1 of the '304 patent; the patent speaks for itself.  Except as so expressly admitted, denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## SECOND CLAIM FOR INFRINGEMENT
### (Infringement of U.S. Patent No. 8,601,506)

68.    Twitter incorporates by reference its responses to the foregoing paragraphs.

69.    To the extent the paragraph includes factual allegations, Twitter admits that the '506 patent is titled on its face "Content Creation and Distribution System," and states on its face that it was issued December 3, 2013.  VidStream bears the burden of proof that it has standing to sue for infringement; based on the information known to Twitter, there remain serious questions as to whether VidStream owns all right, title, and interest in and has standing to sue for infringement of the '506 patent.  Except as so expressly admitted, Twitter denies the remaining allegations of this paragraph.

70.    Denied.

71.    Denied.

72.    Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Twitter denies that Plaintiff is entitled to any of the relief it requests.

14

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Invalidity)

73.     Twitter incorporates by reference its responses to the foregoing paragraphs.

74.     The claims of the asserted patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code Sections 101, et seq., including, without limitation, §§ 101, 102, 103, and 112.  For example, the asserted patents are invalid as anticipated and/or obvious under §§ 102 and 103 because system prior art including at least Twitvid.io/Vidly, Twitvid.com, Twittelator, and VideoGenie anticipate and/or in view of other asserted prior art render the asserted patents obvious.  Further, the asserted patents are invalid under § 112 for indefiniteness and/or lack of written description and/or enablement.  Twitter's investigation is ongoing and may reveal additional invalidating references or bases of invalidity. Moreover, one or more asserted claims of the asserted patents are invalid for failure to recite patentable subject matter and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 because, inter alia, the alleged invention thereof is directed to an abstract idea and lacks an inventive concept.  As the Court's April 1, 2022 ruling concluded, Claim 1 of the '304 patent is representative, and "the patents are ineligible subject matter under step one of *Alice*."  (D.I. 119 at 6-7.).  Although at Step 2 of *Alice*, the Court found that it "could not meaningfully distinguish the proffered inventive concept" from the result in *BASCOM* at the motion to dismiss stage, (D.I. 119 at 6-7.), Twitter expects discovery to show that representative Claim 1 of the '304 patent fails to show the "proffered inventive concept," and thus fails at Step 2 of *Alice*.

### Second Affirmative Defense (Failure to Mark)

75.     Twitter incorporates by reference its responses to the forgoing paragraphs.

76.     Plaintiff's claims are barred in whole or in part by its failure to provide adequate notice under 35 U.S.C. § 287.  For instance, Plaintiff is not entitled to recover pre-suit damages

15

to the extent it failed to provide notice of actual infringement to Twitter and failed to mark any product that practiced one or more claims of the asserted patents.

## Third Affirmative Defense (Non-Infringement)

77.    Twitter incorporates by reference its responses to the forgoing paragraphs.

78.    Twitter has not infringed and does not infringe directly, jointly, contributory, literally, by the doctrine of equivalents, or by inducement, any valid and enforceable claim of the asserted patents.  Plaintiff bears the burden of proof on infringement.  At a minimum, no product, service, or offering of Twitter includes all the limitations of the identified claims of the asserted patents.

## Fourth Affirmative Defense (Equitable Defenses)

79.    Twitter incorporates by reference its responses to the forgoing paragraphs.

80.    Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, unclean hands, acquiescence, laches, disclaimer, and/or waiver.

81.    For example, Plaintiff's claims are barred by the doctrines of estoppel and/or waiver to the extent Plaintiff interprets the claims of the asserted patents to cover claim scope that extends beyond or is inconsistent with statements, amendments, or positions made during prosecution of the asserted patents.  Plaintiff is estopped from construing one or more claims of the asserted patents to cover and include any product, service, or activity of Twitter and/or is prevented from asserting infringement under the doctrine of equivalents, and is further estopped from construing one or more claims of the asserted patents to claim scope ceded during the prosecution of the asserted patents in order to, for example, avoid prior art.  Further, Plaintiff's claims are barred by the doctrine of unclean hands to the extent it, its predecessors in interest, or controlling parties acted in bad faith and offensively to the dictates of justice in allegedly acquiring the asserted patents and/or rights to enforce the asserted patents, if any.  Twitter's

16

investigation is ongoing and may reveal additional facts supporting equitable doctrines that bar Plaintiff's claims.

### Fifth Affirmative Defense (No Right to Injunctive Relief)

82.     Twitter incorporates by reference its responses to the forgoing paragraphs.

83.     Plaintiff is not entitled to injunctive relief at least because: (1) Plaintiff has not suffered nor will it suffer irreparable harm as a result of Twitter's conduct; (2) any harm suffered by Plaintiff if an injunction were not granted would be outweighed by harm to Twitter if an injunction were granted; (3) Plaintiff would have an adequate remedy at law if it were to prevail on the merits in this action; and (4) the public interest would not be served by an injunction.

### Sixth Affirmative Defense (Limitation on Damages)

84.     Any potential recovery by Plaintiff is limited by damages limitations, including, without limitation, by 35 U.S.C. §§ 286, 287, and/or 288.

### Seventh Affirmative Defense (Failure to State a Claim)

85.     Plaintiff has failed to state a claim for which relief can be granted against Twitter.

### Eighth Affirmative Defense (Ensnarement)

86.     To the extent that Plaintiff claims infringement of one or more claims of one or more of the asserted patents under the doctrine of equivalents, VidStream's claims are barred under the Ensnarement Doctrine, which prohibits VidStream from asserting an infringement theory under the doctrine of equivalents that encompasses, or "ensnares," the prior art.

### Ninth Affirmative Defense (Standing)

87.     Plaintiff lacks standing to sue for infringement to the extent it failed to properly acquire the asserted patents, the chain of title to the asserted patents is broken, or it otherwise has insufficient exclusionary rights in the asserted patents.

ACTIVEUS 194482982v.9

## Reservation of Affirmative Defenses

88.    Twitter reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.

## COUNTERCLAIM

Counterclaim-Plaintiff Twitter counterclaims against Counterclaim-Defendant VidStream as follows:

## THE PARTIES

89.    Twitter is a Delaware corporation with its principal place of business at 1355 Market Street, Suite 900, San Francisco, California 94103.

90.    Upon information and belief, VidStream is a Texas limited liability company having its principal place of business at 3400 Carlisle Street, Suite 550, Dallas, Texas 75204.

## JURISDICTION AND VENUE

91.    This counterclaim arises under Title 35 of the United States Code.  The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

92.    This Court has personal jurisdiction over VidStream, and under the specific facts of this case venue is appropriate because this is VidStream's home district and because VidStream has consented to the propriety of venue in this Court by filing its claims for patent infringement against Twitter in this Court, in response to which this counterclaim is asserted.

93.    An actual controversy exists between VidStream and Twitter regarding the alleged infringement and invalidity of the asserted patents, by virtue of VidStream's Complaint against Twitter filed in this Court on March 18, 2016.

18

## FIRST COUNTERCLAIM – '304 Patent

94.    Twitter incorporates herein by reference the allegations of paragraphs 1–93 of this Answer, Affirmative Defenses, and Counterclaim.

95.    Twitter counterclaims against VidStream pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

96.    In its Complaint, VidStream has alleged that Twitter has infringed and is currently infringing the '304 patent.

97.    An actual controversy exists between VidStream and Twitter by virtue of the allegations of VidStream's Complaint in this action and Twitter's Answer, Affirmative Defenses, and Counterclaim as to the invalidity and noninfringement of the '304 patent.

98.    One or more claims of the '304 patent are invalid and/or not infringed, as set forth in paragraphs 1–93 above.

99.    Twitter is entitled to judgment that one or more claims of the '304 patent are invalid and/or not infringed.

## SECOND COUNTERCLAIM – '506 Patent

100.    Twitter incorporates herein by reference the allegations of paragraphs 1–99 of this Answer, Affirmative Defenses, and Counterclaim.

101.    Twitter counterclaims against VidStream pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

102.    In its Complaint, VidStream has alleged that Twitter has infringed and is currently infringing the '506 patent.

103.    An actual controversy exists between VidStream and Twitter by virtue of the allegations of VidStream's Complaint in this action and Twitter's Answer, Affirmative Defenses, and Counterclaim as to the invalidity and noninfringement of the '506 patent.

104.    One or more claims of the '506 patent are invalid and/or not infringed, as set forth in paragraphs 1–99 above.

105.    Twitter is entitled to judgment that one or more claims of the '506 patent are invalid and/or not infringed.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Twitter hereby demands a trial by jury of all issues so triable.

## TWITTER'S PRAYER FOR RELIEF

Wherefore, Twitter respectfully requests that this Court enter judgment in its favor and against VidStream and grant the following relief:

a.    Judgment that Plaintiff's Complaint be dismissed with prejudice, that each request for relief therein be denied, and that Plaintiff recover nothing;

b.    Judgment that none of the claims of the '304 patent have been infringed, either directly or indirectly and either literally or under the doctrine of equivalents by Twitter;

c.    Judgment that none of the claims of the '506 patent have been infringed, either directly or indirectly and either literally or under the doctrine of equivalents by Twitter;

d.    An order declaring that the '304 patent is invalid and not infringed by Twitter;

e.    An order declaring that the '506 patent is invalid and not infringed by Twitter;

f.    An order, pursuant to 35 U.S.C. § 285, finding that this is an "exceptional" case;

g.    An order awarding Twitter its reasonable attorneys' fees, expenses, and costs incurred in this action; and

ACTIVEUS 194482982v.9

h.      An order awarding Twitter such other and further relief as this Court deems just

and proper.

Dated:  May 13, 2022                          WILMER CUTLER PICKERING HALE
                                              AND DORR LLP

                                              By: */s/Sonal N. Mehta*
                                                        SONAL N. MEHTA

                                              Sonal N. Mehta (*Pro Hac Vice*)
                                              Thomas G. Sprankling (*Pro Hac Vice*)
                                              WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                              2600 El Camino Real, Suite 400
                                              Palo Alto, CA 94306
                                              Telephone: (650)-600-5051
                                              Facsimile: (650)-858-6100

                                              David L. McCombs
                                              Charles M. Jones II
                                              HAYNES AND BOONE, LLP
                                              2323 Victory Avenue, Suite 700
                                              Dallas, TX 75219
                                              Telephone: 214.651.5000
                                              Facsimile: 214.651.5940

                                              Attorneys for Defendant Twitter, Inc.

## <u>CERTIFICATE OF SERVICE</u>

On May 13, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that 1 have served all counsel and parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>*/s/ Charles M. Jones II*</u>
Charles M. Jones II

ACTIVEUS 194482982v.9