IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIDSTREAM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0764-N |
| | § | |
| TWITTER, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the construction of several disputed claim terms pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Plaintiff VidStream, LLC ("VidStream") contends that Defendant Twitter, Inc. ("Twitter") infringes two United States Patents.[1] Having reviewed the relevant intrinsic evidence in the record, and such extrinsic evidence as necessary, the Court construes the disputed terms and phrases as provided below.

### I. BACKGROUND OF THE INVENTIONS

The Patents relate to a system for distribution of user-generated or supplied video content over a network for distribution to either a traditional broadcast medium ("linear television programming") or an internet site that permits uploading of user video content such as Youtube or TikTok. Linear television programming is characterized by segments

---

[1] They are United States Patent Nos. 8,464,304 and 8,601,506 (the "'304 Patent" and the "'506 Patent", or collectively, the "Patents").

ORDER – PAGE 1

of a specified length broadcast at a scheduled time. Internet streaming is characterized by no set length and availability on demand.

## II. BASIC CLAIM CONSTRUCTION STANDARDS

Claim construction is a question of law for the Court, *see Markman*, 517 U.S. at 391, although it may involve subsidiary factual questions. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 324-28 (2015). In construing the claims of a patent, the words comprising the claims "are generally given their ordinary and customary meaning" as understood by "a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc) (citations and internal quotation marks omitted). Accordingly, courts must determine the meaning of claim terms in light of the resources that a person with such skill would review to understand the patented technology. *See id.* at 1313 (citing *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1477 (Fed. Cir. 1998)).

First, "the person of ordinary skill in the art is deemed to read the claim term . . . in the context of the entire patent, including the specification." *Id.* If the specification "reveal[s] a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess . . . , the inventor's lexicography governs." *Id.* at 1316. Likewise, if "the specification . . . reveal[s] an intentional disclaimer, or disavowal, of claim scope by the inventor . . .[,] the inventor's intention, as expressed in the specification, is regarded as dispositive." *Id.* (citation omitted). While the claims themselves provide significant guidance as to the meaning of a claim term, the specification

ORDER – PAGE 2

is generally dispositive as "it is the single best guide to the meaning of a disputed term." *Id.* at 1314-15 (internal quotation marks omitted).

In addition to the specification, courts must examine the patent's prosecution history – that is, the "complete record of the proceedings before the PTO and includ[ing] the prior art cited during the examination of the patent." *Id.* at 1317 (citation omitted). "Like the specification, the prosecution history provides evidence of how the PTO and the inventor understood the patent." *Id.* (citation omitted). In particular, courts must look to the prosecution history to determine "whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Id.* (citations omitted). "[W]here the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meaning of the claim congruent with the scope of the surrender." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003).

Finally, in addition to evidence intrinsic to the patent at issue and its prosecution history, courts may look to "extrinsic evidence, which 'consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.'" *Phillips*, 415 F.3d at 1317 (quoting *Markman*, 52 F.3d at 980). In general, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id.* at 1318.

When the intrinsic evidence, that is the patent specification and prosecution history, unambiguously describes the scope of a patented invention, reliance on extrinsic evidence, which is everything outside the specification and prosecution history, is improper. *See*

ORDER – PAGE 3

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996). While the Court may consult extrinsic evidence to educate itself about the invention and relevant technology, it may not rely upon extrinsic evidence to reach a claim construction that is clearly at odds with a construction mandated by the intrinsic evidence. *See Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998).

### III. DISPUTED TERMS

#### A. ADMINISTRATOR

Claim Term – administrator

VidStream Construction – no construction necessary

Twitter Construction – a person who is responsible for reviewing video content prior to distribution

Analysis:

The parties' primary disagreement is whether "administrator" must be a natural person. VidStream correctly notes that the specifications contemplate an automated administrator. *E.g.,* '304 Patent at 3:37-39 (administrator application). Thus Twitter's proposed construction would exclude an embodiment in the specification. But "a claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct." *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1326 (Fed. Cir. 2013) (citation omitted). Accordingly, the Court agrees with VidStream that no construction is necessary.

### *B. Video Length*

Claim Terms – (a) video length defined by the instructions, with the video length predefined at the server system in accordance with a time slot in a linear television programming broadcast

(b) wherein the video length is defined in accordance with a time slot in linear television programming

(c) wherein the video length is defined in accordance with a time slot in the linear television programming broadcast

VidStream Construction – computer instructions provided by a server computing device to a client computing device that identify a video length suitable for including video into a traditional television program or broadcast

Twitter Construction – computer instructions provided by a server computing device to a client computing device that identify a discrete video length suitable for including video into a discrete window within traditional linear television programming segments

Analysis:

The parties participated in inter partes review before the Patent and Trademark Appeal Board ("PTAB"). VidStream proposes the construction adopted by the PTAB. Twitter proposes adding the additional terms "discrete" and "segments" to the PTAB's construction. The Court is not quite sure what is signified by "discrete video length" or "discrete window" beyond just "video length" or "window." The Court therefore adopts the PTAB construction. *See* Notice, Ex. B at 7 [134-2] (IPR2017-0133, Decision Granting Institution of *Inter Partes* Review, October 2, 2017).

ORDER – PAGE 5

### C. Time Slot

Claim Term – time slot

VidStream Construction – no construction necessary

Twitter Construction – a discrete window within traditional linear television programming segments

Analysis:

Twitter's proposed construction again introduces "discrete window" and "segments," which are not found in the specification. It appears to the Court that "time slot" is readily understood by a jury and does not require further construction.

### D. Format for Linear Television

Claim Terms – (a) a format appropriate for inclusion in a linear television programming broadcast

(b) the format appropriate for inclusion in the linear television programming broadcast

(c) a format appropriate for inclusion in a linear television programming transmission

(d) a format appropriate for inclusion in the linear television programming broadcast

VidStream Construction – not indefinite and no construction necessary

Twitter Construction – indefinite

Analysis:

A patent is indefinite, and thus invalid, when it fails to inform "those skilled in the art about the scope of the invention" with "reasonable certainty." *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017) (quoting *Nautilus Inc. v. Biosig Instr.*,

*Inc.*, 572 U.S. 898, 901 (2014)).  The burden is on Twitter to show indefiniteness and any fact for indefiniteness must be shown by clear and convincing evidence.  *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003).  VidStream's expert, Dr. Jones, opines that a person of ordinary skill in the art would have understood the scope of that phrase with reasonable certainty.  *See* VidStream App. at 97 (Jones Decl. ¶ 42).  The Court finds that evidence persuasive and accepts it.  Accordingly, the Court holds the phrase is not indefinite and requires no further construction.

### E. Format Appropriate for Internet Distribution

Claim Term – format appropriate for Internet distribution

VidStream Construction – not indefinite and no construction necessary

Twitter Construction – indefinite

Analysis:

This is simply a replay of the preceding analysis.  *See* VidStream App. at 101 (Jones Decl. ¶ 53).  The Court finds that evidence persuasive and accepts it.  Accordingly, the Court holds the phrase is not indefinite and requires no further construction.

### CONCLUSION

The Court orders that the various patent terms are construed as indicated.  The Court will by separate order establish a schedule for resolution of the remaining issues in the case.

Signed December 18, 2023.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 8