IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VIDSTREAM, LLC,                          §
                                         §
        Plaintiff,                       §
                                         §
                                         §        Civil Action No. 3:16-CV-0764-N
                                         §
TWITTER, INC.,                           §
                                         §
        Defendant.                       §

## MEMORANDUM OPINION AND ORDER

This Order Addresses Plaintiff Vidstream LLC's ("VidStream") motion for preliminary injunction [260]. Because VidStream fails to make a sufficient showing of irreparable injury, the Court denies the motion.

### I. ORIGINS OF THE DISPUTE

This case arises from the alleged infringement of U.S. Patent No. 8,464,304 ("the '304 Patent"). The patents cover a system of receiving and distributing user-generated video content for distribution on television broadcasts and the internet. VidStream's predecessor, Youtoo Technologies, alleged Twitter infringed the '304 Patent though its video creation and distribution in its application. The long procedural history of this case is well established, *see, e.g.*, *VidStream, LLC v. Twitter, Inc.*, 2022 WL 992743 (N.D. Tex. Apr. 1, 2022), and the Court will not recount it in great depth here. Importantly, the Court substituted VidStream as plaintiff on April 19, 2021, and granted VidStream leave to file its Second Amended Complaint ("SAC"). Order [190]. After the Court denied Twitter's motion to dismiss VidStream's SAC, *see* Order [199] at 7–8, parties re-started discovery.

MEMORANDUM OPINION AND ORDER – PAGE 1

As part of discovery, VidStream asked Twitter on May 17, 2022, to describe "any difficulties" Twitter would encounter by being "required to comply with an injunction." Pl.'s Mot. App., Ex. 3, 52 [265].  On January 9, 2024, VidStream filed its motion for a preliminary injunction asking the Court to enjoin Twitter's use of the infringing features in dispute in this case.

## II. THE COURT DENIES VIDSTREAM'S MOTION FOR PRELIMINARY INJUNCTION

"The prerequisites for preliminary injunctive relief are long-established in this circuit." *Libertarian Party of Tex. v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984).  The movant must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted).  The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). The Court denies VidStream's motion for preliminary injunction because VidStream fails to demonstrate irreparable harm.

VidStream is a nonpracticing entity.  The Supreme Court rejected a *per se* rule "that a court of equity has no jurisdiction to grant injunctive relief to a patent holder who has unreasonably declined to use the patent."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006) (citing *Continental Paper Bag Co. v. Eastern Paper Bag Co.*, 210 U.S. 405, 422–430 (1908)).  Conversely, the Supreme Court in *eBay* did not create a *per se* rule

MEMORANDUM OPINION AND ORDER – PAGE 2

that purported ongoing infringement on a patent constitutes irreparable harm as VidStream suggests in its motion.  Pl.'s Mot. 11.  VidStream, quoting *eBay*, asserts, "that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity . . . ." *Id.* (quoting *eBay*, 547 U.S. at 394).  Still, instead of looking forward to how the Federal Circuit and district courts have applied this language from *eBay*, VidStream takes a backward-looking approach, citing the practices of the Eighteenth Century English Court of Chancery.  *See generally id.* at 11–18.  VidStream does not cite any post *eBay* cases that apply the same principles.  *Id.*

The Supreme Court in *eBay* vacated the judgment of the Court of Appeals and remanded the case.  *eBay,* 547 U.S. at 392.  The Federal Circuit, in turn, remanded the case to the district court so "as to enable the district court to apply the proper framework for considering injunctive relief 'in the first instance.'"  *MercExchange, L.L.C. v. eBay, Inc.*, 188 F. App'x 993 (Fed. Cir. 2006) ("*MercExchange I*").  In its application of the Supreme Court's framework, the district court explained that "taking a page from history, it is apparent that the Federal Circuit has repeatedly recognized that 'the lack of commercial activity by the patentee is a *significant factor in the calculus*' of whether the patentee will suffer irreparable harm absent an injunction."  *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 570–71 (E.D. Va. 2007) ("*MercExchange II*) (quoting *High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1556 (Fed. Cir. 1995) (emphasis added)).  The district court stated that a plaintiff's "lack of commercial activity . . . does not eliminate [a plaintiff's] ability to establish irreparable harm, but it

MEMORANDUM OPINION AND ORDER – PAGE 3

weighs against the need for an equitable remedy as it evidences [ a plaintiff's] willingness to forgo its right to exclude in return for money." *MercExchange II*, 500 F. Supp. 2d at 571.

Under this precedent, VidStream has the burden to demonstrate why Twitter's purported infringement cannot be compensated with monetary damages. *See Automated Merchandising Sys., Inc. v. Crane Co.*, 357 Fed. App'x 297, 301 (Fed. Cir. 2009) (post-*eBay* "[t]he burden is now on the patentee to demonstrate that its potential losses cannot be compensated by monetary damages"). VidStream fails to meet this burden. VidStream's entire irreparable harm argument relies on an unsubstantiated rule that a likelihood of irreparable harm is established where "Plaintiff has established that it is likely to succeed on the merits and also because the Defendant's infringement is ongoing . . . ." Pl.'s Mot. 22. Because VidStream fails to carry its burden of showing that its purported infringement cannot be compensated by monetary damages, VidStream fails to demonstrate irreparable harm.

CONCLUSION

For the foregoing reasons, VidStream failed to carry its burden of showing why a preliminary injunction should be issued in this case. Therefore, the Court denies VidStream's motion for a preliminary injunction.

Signed July 22, 2024.

David C. Godbey
Chief United States District Judge