## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| VIDSTREAM LLC,<br><br>            Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>            Defendant. | Civil Action No. 3:16-cv-00764-N<br><br>Judge David C. Godbey |

## JOINT PRETRIAL ORDER

Pursuant to the Court's Stipulation and Order Regarding Scheduling Order (Dkt. No. 322), Local Rule 16.4, and Rule 26 of the Federal Rules of Civil Procedure, Plaintiff VidStream LLC ("VidStream" or "Plaintiff") and Defendant Twitter, Inc. ("Twitter" or "Defendant") hereby submit this Joint Pretrial Order.

## I.    APPEARANCE OF COUNSEL

###     A.    COUNSEL FOR VIDSTREAM LLC

Bradley W. Caldwell (Texas State Bar No. 24040630)
Jason D. Cassady (Texas State Bar No. 24045625)
Austin Curry (Texas State Bar No. 24059636)
Daniel R. Pearson (Texas State Bar No. 24070398)
John F. Summers (Texas State Bar No. 24079417)
R. Seth Reich Jr. (Texas State Bar No. 24088283)
Adrienne R. Dellinger (Texas State Bar No. 24116275)
CALDWELL CASSADY CURRY P.C.
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone:    (214) 888-4848
Email: bcaldwell@caldwellcc.com
        jcassady@caldwellcc.com
        acurry@caldwellcc.com
        dpearson@caldwellcc.com
        jsummers@caldwellcc.com
        sreich@caldwellcc.com
        adellinger@caldwellcc.com

**B.    COUNSEL FOR TWITTER, INC**

Sonal N. Mehta (*pro hac vice*)
  sonal.mehta@wilmerhale.com
Thomas G. Sprankling (*pro hac vice*)
  thomas.sprankling@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE & DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California, 94306
Telephone: (650) 858-6000

Matthew Martens (*pro hac vice*)
  matthew.martens@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE & DORR LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

Taylor Gooch (*pro hac vice*)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE & DORR LLP**
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000

Nora Q.E. Passamaneck (*pro hac vice*)
  nora.passamaneck@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE & DORR LLP**
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135

David L. McCombs (TX Bar No. 13438700)
Charles M. Jones II (TX Bar No. 24054941)
david.mccombs@haynesboone.com
charlie.jones@haynesboone.com
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000

## II.    SUMMARY OF THE CLAIMS AND DEFENSES OF EACH PARTY

1.    **As required by Local Rule 16.4(a), below is a Summary of the Claims and Defenses for Each Party:**

### B.    VIDSTREAM LLC

1.    By providing these contentions, VidStream does not concede that all of these issues are appropriate for trial. Nor does VidStream concede that Twitter's contentions have been properly disclosed. In addition, VidStream does not waive any of its motions *in limine*.

2.    VidStream contends that Twitter directly infringes claims 17, 22, 23, and 24 of U.S. Patent No. 8,464,304 (the "'304 Patent") and claims 23 and 24 of U.S. Patent No. 8,601,506 (the "'506 Patent") (collectively, the "Asserted Claims" and "Asserted Patents" respectively) under 35 U.S.C. § 271(a) by making, using, selling, and offering to sell the Twitter app, Periscope App, and Vine App (collectively, the "Accused Apps") in the United States.

3.    VidStream also contends that to the extent Twitter claims its users are the direct infringers of the Asserted Claims under 35 U.S.C. § 271(a), Twitter is liable for its user's direct infringement of the Asserted Claims because: (1) Twitter profits from its users' installation and use of the Twitter app while declining to exercise the rights, powers, and abilities it has to stop or limit its users' installation and use of the Twitter app; and (2) Twitter conditions the benefits derived from its app by its users on its users' installation and use of the Twitter app.

4.    VidStream also contends that Twitter indirectly infringes the Asserted Claims under 35 U.S.C. § 271(b) by actively inducing its end users to infringe the Asserted Claims, while having actual knowledge of or being willfully blind to its infringement.

5.    VidStream contends that each of the Asserted Patents has been issued by the United States Patent and Trademark Office and therefore is entitled to a presumption of validity,

and that Twitter cannot prove that any of the Asserted Claims are invalid by clear and convincing evidence.

6.    VidStream contends that it has been damaged by Twitter's conduct and seeks damages adequate to compensate for the infringement by Twitter, but in no event less than a reasonable royalty, as well as prejudgment and post-judgment interests and costs as fixed by the Court. To the extent that Twitter continues its infringement post-trial, VidStream seeks an ongoing royalty.

7.    VidStream contends that it complied with the obligations of 35 U.S.C. § 287 and it is entitled to recover pre-suit damages.

8.    VidStream contends that this case is exceptional, and that VidStream is entitled to reasonable attorneys' fees and costs (including consultants' fees and costs) pursuant to 35 U.S.C. § 285.

9.    VidStream contends that Twitter's infringement is and has been willful—through both actual knowledge and willful blindness—and thus requests that the Court award VidStream enhanced damages pursuant to 35 U.S.C. § 284, as well as supplemental damages for any continuing post-verdict infringement up until entry of final judgment and an accounting for damages if necessary.

10.    VidStream denies all of Twitter's defenses and counterclaims in its Answer to Plaintiff's Second Amended Complaint.

11.    VidStream contends that Twitter has made, used, sold, offered for sale in the United States infringing applications in the United States including the Accused Apps.

12.    VidStream contends the appropriate measure of damages in this case is a running royalty, not a lump sum.

13.    VidStream contends that it is entitled to a permanent injunction enjoining Twitter, its agents, officers, assigns and others acting in concert with them, from infringing, inducing infringement of and/or contributing to infringement of the '304 and '506 patents.

14.    VidStream objects to any contention that is subject to any currently pending motion in this matter.

15.    VidStream objects to the re-litigation of any issue that has already been determined by the Court or the Patent Trial and Appeal Board.

16.    VidStream objects to Twitter's contentions to the extent that they are inconsistent with the factual record or law.

## C.    TWITTER, INC.

By providing these contentions, Twitter does not concede that all of these issues are appropriate for trial or that VidStream's contentions have been properly disclosed. Twitter does not waive any of its motions *in limine*.

17.    Twitter contends that VidStream has not established ownership of the Asserted Patents and that VidStream therefore lacks standing to sue for infringement.

18.    Twitter denies that it or its users have infringed or do infringe directly, jointly, or contributorily the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271(a).

19.    Twitter denies that it induced infringement of the Asserted Claims of the Asserted Patents under 35 U.S.C. § 271(b).

20.    Twitter contends the Asserted Claims of the Asserted Patents, as they have been applied by VidStream for purposes of arguing infringement, are invalid as anticipated or for obviousness under 35 U.S.C. §§ 102 and 103, respectively, in view of the following prior art:

- '304 patent
  1. Implementation of Wowza and FMLE, Section 102
  2. System of Wowza and FMLE, Section 103

3. System of Wowza and Debut, Section 103
4. System of Wowza and FMLE in view of Coleman, Section 103
5. System of Wowza and Debut in view of Coleman, Section 103
6. System of Wowza and FMLE in view of Chiu, Section 103

- '506 patent
    1. Implementation of Wowza and FMLE, Section 102
    2. System of Wowza and FMLE, Section 103
    3. System of Wowza and Debut, Section 103
    4. System of Wowza and FMLE in view of Cohen, Section 103
    5. System of Wowza and FMLE in view of Daun, Section 103
    6. System of Wowza and Debut in view of Daun, Section 103

21.    Twitter contends the Asserted Claims of the Asserted Patents, as they have been applied by VidStream for purposes of arguing infringement, are invalid for lack of written description under 35 U.S.C. § 112.

22.    Twitter contends that VidStream cannot demonstrate any objective evidence of nonobviousness, or any nexus between any alleged evidence and the alleged invention of the Asserted Claims.

23.    Twitter denies that it is seeking to re-litigate any issue that has already been determined by the Patent Trial and Appeal Board or that any of its invalidity arguments are subject to Inter Partes Review estoppel.

24.    Twitter denies that VidStream is entitled to any damages because the Asserted Claims are invalid and not infringed.  In addition, Twitter contends VidStream's claims are barred in whole or in part by its failure to provide adequate notice under 35 U.S.C. § 287.  Even if the Asserted Claims are determined to be not invalid and infringed, Twitter contends that VidStream's damages amount is inflated, unreliable, and fundamentally unsound, and inconsistent with the damages limitations set forth in 35 U.S.C. § 285.  Twitter contends that any damages should be limited to an amount commensurate with the real-world evidence of the value of the Asserted Patents, and the limited use made of the alleged invention by Twitter.  The

alleged invention of the Asserted Claims is not valuable to Twitter and the technology VidStream accuses of infringement was only a small, rarely used part of the Accused Apps.

25.    Twitter further contends that acceptable, non-infringing alternatives to the Asserted Claims of the Asserted Patents were available to Twitter as of the date of the first alleged infringement and have since been implemented, and both would have been taken into account at any hypothetical negotiation and would make a running royalty inappropriate.

26.    Twitter denies that it willfully infringed the Asserted Claims of the Asserted Patents, even if it is found that Twitter infringed those claims.  VidStream has not identified any instance in which it gave Twitter actual notice of alleged infringement of the Asserted Claims or the Asserted Patents before March 18, 2016, the filing date of this action.  Even after March 18, 2016, Twitter contends that it believed in good faith that the Asserted Claims of the Asserted Patents were invalid and not infringed, and, therefore, VidStream cannot demonstrate that any alleged infringement by Twitter was willful.

27.    Twitter contends that VidStream is not entitled to prejudgment interest, post-judgment interest, attorneys' fees, expenses, or costs incurred in this action.  On the other hand, Twitter contends that this is an "exceptional" case and Twitter is entitled to its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285.

28.    Twitter contends that VidStream's claims are barred in whole or in part by the equitable doctrines of estoppel, unclean hands, acquiescence, laches, disclaimer, and/or waiver.

29.    Twitter contends that VidStream is not entitled to injunctive relief at least because: (1) VidStream has not suffered nor will it suffer irreparable harm as a result of Twitter's conduct; (2) any harm suffered by VidStream if an injunction were not granted would be outweighed by harm to Twitter if an injunction were granted; (3) VidStream would have an

adequate remedy at law if it were to prevail on the merits in this action; and (4) the public interest would not be served by an injunction.

30.    Twitter objects to any of VidStream's contentions that are subject to any currently pending motion in this matter.

31.    Twitter objects to VidStream's contentions to the extent that they are inconsistent with the factual record or law.

III.    **STATEMENT OF STIPULATED FACTS**

32.    As required by Local Rule 16.4(b), below is a Statement of Stipulated Facts, which will be read to the jury and become a part of the evidentiary record.

**Stipulations**

33.    Plaintiff VidStream is a Delaware limited liability company.

34.    VidStream is the successor-in-interest to Youtoo Technologies, LLC, the original plaintiff in this action.

35.    Defendant Twitter is a Nevada corporation.

36.    The '304 Patent, entitled "Content Creation and Distribution System," was duly and legally issued on June 11, 2013, naming Mark A. Harwell, Christopher W. Wyatt, and Ryland M. Reed as inventors.

37.    The '304 Patent issued from U.S. Patent Application No. 13/185,471 filed on July 18, 2011 which was a continuation-in-part of Patent Application No. 13/013,775 filed on January 25, 2011.

38.    The '506 Patent, entitled "Content Creation and Distribution System," was duly and legally issued on December 3, 2013, naming Mark A. Harwell, Christopher W. Wyatt, and Ryland M. Reed as inventors.

39.     The '506 Patent issued from U.S. Patent Application No. 13/571,476 filed on August 10, 2012 which was a continuation of U.S. Patent Application No. 13/185,471 which issued as the '304 Patent.

40.     In March 2023, Twitter, Inc. merged into X Corp. and Twitter's platform is now known as "X."

41.     Twitter acquired Vine in October 2012 and launched Vine in January 2013 as a standalone mobile device application used for recording and sharing video clips.

42.     Vine was discontinued on January 17, 2017.

43.     Twitter acquired Periscope in January 2015 and launched Periscope in March 2015 as a standalone mobile device application used, among other things, for live video broadcasting.

44.     Periscope was discontinued on March 31, 2021.

## IV.     LIST OF CONTESTED ISSUES OF FACT (OR MIXED QUESTIONS OF LAW AND FACT)

45.     As required by Local Rule 16.4(d), the following is a listing of the parties' contested issues of fact:

- **VidStream's Statement of Contested Issues of Fact or Mixed Questions of Law and Fact**

  a.     Whether Twitter directly or indirectly infringes claims 17, 22, 23, and 24 of the '304 Patent.

  b.     Whether Twitter directly or indirectly infringes claims 23 and 24 of the '506 Patent.

  c.     Whether Twitter's infringement has been willful.

9

d.      Whether Twitter has proven by clear and convincing evidence that the

claims of the Asserted Patents are anticipated or obvious under 35 U.S.C.

§§ 102 or 103 in view of Twitter's prior art systems.

e.      Whether VidStream is entitled to damages to compensate for Twitter's

infringement, and, if so, the dollar amount of damages to the time of

judgment adequate to compensate VidStream for the infringement of the

Asserted Patents, but in no event less than a reasonable royalty.

f.      Whether VidStream is entitled to enhanced damages pursuant to 35 U.S.C.

§ 284, and if so, the dollar amount of the enhancement.

g.      Any issues of fact that are determined to constitute issues of law are

hereby designated as such, and vice versa.

h.      VidStream also incorporates by reference the contested issues raised in its

pending motions.

- **Twitter's Statement of Contested Issues of Fact or Mixed Questions of Law and Fact**

a.      Whether VidStream has shown by a preponderance of the evidence that the

Asserted Patents have been assigned to it.

b.      Whether VidStream has shown by a preponderance of evidence that Twitter

directly infringes the Asserted Claims under 35 U.S.C. § 271(a).

c.      Whether VidStream has shown by a preponderance of evidence that Twitter

indirectly infringes the Asserted Claims under 35 U.S.C. § 271(b).

d.      Whether Twitter has shown by clear and convincing evidence that the

Asserted Claims are anticipated or obvious under 35 U.S.C. §§ 102 or 103,

respectively, under VidStream's application of the Asserted Claims.

10

      e.   Whether Twitter has shown by clear and convincing evidence that the Asserted Claims are invalid under 35 U.S.C. § 112 for lack of written description.

      f.   Whether VidStream has shown by a preponderance of the evidence that it is entitled to an award of reasonable royalty damages, and, if so the amount of reasonable royalty damages to which it is entitled.

      g.   Whether Twitter has shown that there were acceptable non-infringing alternatives to the Asserted Claims available to Twitter as of the date of the first alleged infringement.

      h.   Whether VidStream has shown by a preponderance of evidence that any alleged infringement by Twitter has been willful.

      i.   Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.

      j.   Twitter also incorporates by reference the contested issues raised in its pending motions.

## V.    LIST OF CONTESTED ISSUES OF LAW

46.    As required by Local Rule 16.4(d), the following is the parties' listing of the contested issues of law:

47.    VidStream identifies the following contested issues of law:

      a.   Whether Twitter is entitled to call undisclosed or improperly disclosed witness at trial.

      b.   Whether Twitter is estopped pursuant to 35 U.S.C. § 315(e)(2) from asserting prior art that was raised or reasonably could have been raised

before the Patent Trial and Appeal Board during the *Inter Partes* Review of the '304 and '506 Patents.

    c.    VidStream contends that all issues related to the proper instructions to be given to the jury require determination by the Court.

    d.    VidStream contends that all issues related to Twitter's equitable defenses require determination by the Court, should not be submitted to the jury, and the jury should not be advised of those defenses.

    e.    VidStream contends that all issues related to VidStream's claims for post-trial issues such as ongoing royalties, injunctive relief, exceptional case, enhanced damages, costs, attorneys' fees, pre- and post-judgment interest, and post-trial damages require determination by the Court.

48.    Twitter identifies the following contested issues of law:

    a.    Twitter contends that all issues related to the proper instructions to be given to the jury require determination by the Court.

    b.    Twitter contends that whether VidStream has standing to sue for infringement requires determination by the Court.

    c.    Twitter contends that whether VidStream's claims are barred in whole or in part by Twitter's equitable defenses of estoppel, unclean hands, acquiescence, laches, disclaimer, and/or waiver require determination by the Court.

    d.    Twitter contends that whether this case is "exceptional" and Twitter is entitled to its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285, requires determination by the Court.

e.    Twitter contends that all issues related to VidStream's requests for ongoing royalties, injunctive relief, enhanced damages, costs, attorneys' fees, pre- and post-judgment interest, and post-trial damages require determination by the Court.

49.    The parties also reserve the right to identify additional contested issues of law that may become apparent after the parties have exchanged witness lists, exhibit lists, and jury charges.

## VI.    AN ESTIMATE OF THE LENGTH OF TRIAL

50.    As required by Local Rule 16.4(e), the parties provide their position regarding the length of trial.

51.    **VidStream:** VidStream estimates the probable length of trial will be 5 days. VidStream requests 14 hours per side for direct, cross, and rebuttal examination. VidStream further requests 45 minutes per side for an opening statement, and 45 minutes per side for closing arguments.

52.    **Twitter:** Twitter estimates the probable length of trial will be 5 business days. Twitter requests 14 hours per side for direct, cross, and rebuttal examination. Twitter further requests 45 minutes per side for an opening statement, and 60 minutes per side for closing arguments.

## VII.    A LIST OF ANY ADDITIONAL MATTERS THAT MIGHT AID IN THE DISPOSITION OF THE CASE

53.    As required by Local Rule 16.4(f), below is a list of any additional matter that might aid in the disposition of the case:

A.    **Juror Information**

54.    The parties' proposed jury instructions are attached as **Exhibit 1**. The parties' joint proposed verdict form is attached as **Exhibit 2**. The parties will continue to meet and confer regarding any competing proposals in an effort to resolve issues before presenting them to the Court.

55.    The parties agree and request that the Federal Judicial Center Patent System Video will be played and the sample patent will be handed out to the jurors before the video is played.

56.    The parties agree that each juror should be provided with an agreed-upon juror notebook containing the Asserted Patents and a list of construed claim terms for each of the Asserted Patents. On each day of trial, the parties may also provide a witness sheet for each witness that will testify. This witness sheet may include only the witness's name and a small photograph of the witness, and will otherwise contain space for note taking.

57.    The parties agree that the jurors shall be permitted to take handwritten notes during the presentation by the parties. The parties further agree that the jury will be permitted to bring these notebooks and handwritten notes into the deliberation room.

B.    **List of Pending Motions**

58.    The following opposed motions are pending with the Court.

| Dkt. No. | Motion | Date Filed | Briefing Complete |
|---|---|---|---|
| 364 (Opening) 377 (Response) 381 (Reply) | VidStream's Motions *in limine* | February 5, 2025 | March 5, 2025 |
| 366 (Opening) 376 (Response) 382 (Reply) | Twitter's Motions *in limine* | February 5, 2025 | March 5, 2025 |

| Dkt. No. | Motion | Date Filed | Briefing Complete |
|---|---|---|---|
| 373 (Opening) 378 (Response) 380 (Reply) | VidStream's Motion to Strike Twitter's Late-Disclosed Witness, Mr. Keith Coleman | February 20, 2025 | March 2, 2025 |

**C.    Witnesses**

59.    Attached as **Exhibit 3** is VidStream's Witness List ("VidStream LLC's Second Amended Witness List").

60.    Attached as **Exhibit 4** is Twitter's Witness List ("Twitter's First Amended Witness List").

61.    With respect to those witnesses whom the parties have identified in Exhibits 3–4 who will be called to testify in person at trial, no deposition designations or counter-designations are required.  The calling party may not call a live witness at trial unless identified in accordance with the procedures herein.  Should the party that intends to call such a witness determine that it will not call the witness, that party shall immediately notify the other side in good faith and by no later than the timeline for disclosing witnesses pursuant to Paragraph 95 to allow the other side sufficient time to prepare deposition designations.

62.    Pursuant to Federal Rules of Evidence 615, fact witnesses for the jury trial, other than witnesses who have already testified and have been excused, shall be sequestered and prevented from hearing the testimony of other witnesses. Pursuant to provision (2) of Rule 615, this exclusion will not apply to the officer or employee designated by each party as its representative.

63.    Expert witnesses disclosed under rule 26(a)(2)(B) of the Federal Rules of Civil Procedure shall not be excluded from either fact or expert testimony.

### D.    Exhibits

64.    VidStream's Exhibit List is attached as **Exhibit 5**.  Twitter's Exhibit List is attached as **Exhibit 6**.  In an effort to resolve all objections and issues prior to presenting them to the Court, the Parties will meet and confer regarding their respective objections as part of the parties' nightly exchanges as set forth below.

65.    The parties agree that the patents, prosecution histories, and assignment records will be pre-admitted before trial without further offer of proof or certified copies, subject only to the parties' motions *in limine* and objections regarding accuracy if the proposed exhibit needs correction or is not accurate.

66.    Each party may use an exhibit that is listed on an opposing party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to any applicable evidentiary objections, and provided that the disclosure requirements discussed above are followed.

67.    Exhibits to be used during a party's cross-examination of a witness called by the opposing party, or solely for impeachment purposes, need not be identified in advance.

68.    No party may offer as evidence an exhibit not present on either party's exhibit list absent Court order or by agreement of the parties.

69.    A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial—specifically, no one may comment that there was such a document on an exhibit list but then it was not offered into evidence or accepted into evidence. A party may, however, comment on the absence of admitted evidence on a topic even though there may be unintroduced exhibits on that topic.

E.    **Deposition Designations**

70.    Pursuant to the Court's Stipulation and Order Regarding Scheduling Order (Dkt. No. 322) the parties exchanged Burden of Proof Deposition Designations on January 15, 2025. The parties exchanged Counter-Designations to Burden of Proof Deposition Designations and Rebuttal Deposition Designations on January 29, 2025. The parties exchanged Counter-Designations to Rebuttal Deposition Designations and Reply Designations to Burden of Proof Deposition Designations on February 12, 2025. The parties served Reply Designations to Rebuttal Deposition Designations on February 26, 2025. The designations are attached herein as described below:

> 1.    VidStream's Burden of Proof Deposition Designations, Twitter's Counter-Designations, VidStream's Rebuttal Deposition Designations, Twitter's Counter-Designations to Rebuttal Deposition Designations, VidStream's Reply Designations to Burden of Proof Deposition Designations, and VidStream's Reply Designations to Rebuttal Deposition Designations are attached as **Exhibit 7**.

> 2.    Twitter's Burden of Proof Deposition Designations, VidStream's Counter-Designations, Twitter's Rebuttal Deposition Designations, VidStream's Counter-Designations to Rebuttal Deposition Designations, Twitter's Reply Designations to Burden of Proof Deposition Designations, and Twitter's Reply Designations to Rebuttal Deposition Designations are attached as **Exhibit 8**.

71.    The Parties will meet and confer regarding their respective objections during nightly exchanges in order to strive to resolve all objections and issues prior to presenting them to the Court.

72.    The listings of deposition designation(s) do not constitute an admission as to the admissibility of the testimony or discovery response, nor is it a waiver of any applicable objection.

73.    To the extent the Court permits a party to present a witness by deposition at trial during its case-in-chief, the party offering the testimony will play or read both the designated portion of the testimony and the opposing party's appropriate counter-designations, omitting

objections or colloquy where appropriate. The time for such designations shall be allocated to each party accordingly.

74.     Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment of live witnesses, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

75.     If an exhibit is properly introduced and provided foundation for in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit was being shown to a live testifying witness.

### F.    Requested Voir Dire Questions

76.     Attached as **Exhibit 9** are VidStream's requested voir dire questions. Attached as **Exhibit 10** are Twitter's requested voir dire questions.

77.     The parties also request that the Court include additional questions with the Standard Civil Jury Questionnaire to be completed by potential jurors prior to voir dire. The parties' additional requested juror questions are attached as **Exhibit 11**.

### G.    Stipulated Trial Management Procedures

78.     The parties agree to cooperate in good faith to seek to prevent or limit public disclosure of highly confidential documents while recognizing the public interest in public trials. To that end, the Parties will meet and confer in good faith to identify those documents or categories of documents for which sealing the courtroom is necessary.

79.     To avoid delay or wasting the jury's time, the parties request that the Court take up the parties' overnight disputes regarding demonstratives, deposition designations, witnesses, and any other matter requiring resolution outside the presence of the jury before the start of each day of trial at 8 a.m. or at a time otherwise convenient for the Court.

    **1.     General Definitions and Procedures for Use of Witness Testimony, Exhibits, and Demonstratives**

80.     "Demonstratives" are exhibits specifically created for the purpose of the trial and includes PowerPoints, videos, graphics and animation demonstratives, and physical demonstratives. "Demonstratives" does not include (1) displays or exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, underlining, etc. of trial exhibits or transcripts of testimony, (3) demonstratives previously displayed in the course of the trial, or (4) demonstratives used for cross-examination. Reasonable non-substantive edits or corrections of typographical and similar errors to PowerPoint or slide Demonstrative exhibits may be made to such exhibits prior to use. The parties further agree that, to the extent a party intends to use PowerPoint or slide Demonstratives, the slides will be disclosed in the order the party presently intends to present those slides.

81.     VidStream's Demonstratives will be identified with PDX numbers, starting with PDX-0001. Twitter's Demonstratives will be identified with DDX numbers, starting with DDX-0001.

82.     Demonstratives exchanged will not be used, or referred to, by the opposing party prior to being used by the disclosing party.

83.     With respect to both Demonstratives to be used on direct examination of a witness and Opening Demonstratives, parties are to provide color demonstratives natively or by other electronic means such that animations and builds are readily ascertainable.

84.    Demonstratives for direct examination or opening must be cleared of any outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination.  On cross-examination, transcripts of testimony may be used to impeach the witness so long as it is not in violation of a motion *in limine* or other exclusionary order, or rule of evidence, regardless of whether it was previously designated by the parties.

85.    Demonstratives will not be sent back with the jury during deliberations.

86.    The parties will exchange final digital copies of their exhibits, with exhibit numbers, fourteen (14) days before the first day of trial. The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document. The exhibit prefixes shall be "PTX" for exhibits on the VidStream's Exhibit List, and "DTX" for exhibits on Twitter's Exhibit List. The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 62 of VidStream'ss Exhibit 1 would be endorsed or paginated as either: "PTX-001.0062" or "PTX-1.0062"

87.    For exhibits that are Excel spreadsheets, PowerPoint presentations, images, or video files, the parties may use electronic versions of such exhibits in their native format. For demonstratives, the parties may copy-and-paste portions from original native versions of exhibits that are included on the parties' exhibit lists.

88.    A legible copy of an exhibit may be offered and received in evidence in lieu of the original, subject to all foundational requirements and other objections that might be made to the admissibility of originals, subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

89.    Legible copies of U.S. patents and patent applications, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

### 2.    General Procedures for Disclosures

90.    The parties will exchange by email copies of all documentary, graphic, slide, animation, and any other form of **Demonstratives** they plan to use at trial for use during direct examination—but not for cross-examination—and an identification of witnesses each such Demonstrative will be used with on direct examination, by **7:00 p.m. the night before** their intended use.  In other words, if a Demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:00 p.m. on Tuesday.  The parties shall exchange objections to these Demonstratives by **9:00 p.m. on the day the Demonstratives are received**.

91.    The parties will make available for inspection **physical exhibits** (including any to be used in live product demonstrations) they plan to use at trial for use during direct examination or opening—but not for cross-examination—by **6:00 p.m. two nights before their intended use**.  Photos or electronic images of any physical demonstratives, including any poster boards, must be exchanged via email at the same time, and such physical demonstratives must also be made available for inspection at the same time.  In other words, if a physical exhibit will be used on a Wednesday, it must be exchanged or made available by 6:00 p.m. on Monday.  The parties shall exchange objections to these physical exhibits by **9:00 p.m. on the day the Demonstratives are received**.

92.    The parties will exchange by email **lists of exhibits** they intend to use during direct examination by **7:00 p.m. the night before their intended use**, and an identification of the witnesses each such exhibit will be used with on direct examination or by deposition designation.  In other words, if an exhibit will be used on a Wednesday, it must be exchanged by

7:00 p.m. on Tuesday.  The parties' disclosures will reflect a good faith estimate of the exhibits

that will be used with a particular witness and all efforts will be made to streamline disclosures

such that they do not include excessive numbers of exhibits that do not ultimately get used.  The

parties shall exchange objections to these exhibits by **9:00 p.m. the day the list of exhibits is**

**received**.  To the extent that any exhibit will be submitted in a form other than that previously

disclosed (e.g., with additional redactions), the party shall meet and confer about the

modifications to said exhibits in advance of submitting the modified exhibits to the Court.

93.    For **admitted trial exhibits**, the party that called a given witness that day will

provide the other party at **9 pm** with a list of exhibits that were admitted into evidence during the

testimony of that witness, including during any direct, cross, redirect, and recross examinations.

To the extent there are any additions or modifications to the proposed list of admitted exhibits,

the parties shall discuss at **10:00 p.m. that same day**. The following trial day, the party offering

the witness shall read the list of admitted exhibits into the record.

94.    The parties will identify by **email witnesses to be called live (in the order of**

**call) and by deposition** at **5:30 p.m. two days in advance of the day of trial** during which the

witnesses will testify. In other words, if a witness will testify on a Wednesday, the witness must

be identified by 5:30 p.m. on Monday.  If the opposing party has any objections to disclosed

witnesses, the party shall provide such objections by **9:00 p.m. two days before the witness**

**testimony is to be presented**. The parties further agree to identify which witness they intend to

be their final witness after which they will **rest their case** when that individual is disclosed

pursuant to these procedures.

95.    For **deposition designations**, the parties will provide a list of any deposition

designations to be played by **5:30 p.m. two days before the designation is to be played**.  In

other words, if deposition testimony will be played on a Wednesday, it must be exchanged or made available by 5:30 p.m. on Monday. The parties' disclosures will reflect a good faith estimate of the designations they actually intend to play in two days' time, and all efforts will be made to streamline disclosures such that they do not include excessive designations that do not ultimately get used. Counters and objections to the affirmative designations are due by **9:30 p.m. the day the affirmative designation is received**. Further, objections to any counter-designations and counter-counter designation are due by **10:30 p.m. the day the affirmative designation is received.** The parties will meet and confer about any objections to deposition designations at **11:00 p.m. the day the affirmative designation is received.** After the parties meet and confer on the deposition designations and after any rulings by the Court the morning after the objections are made, the opposing party shall create a workable copy of the actual recordings to be played (or testimony to be read) and provide it to the other side by **7 p.m. the night before the designation is to be played**. The parties agree to remove counsel's objections or any discussion between counsel from the video clips that are to be shown to the jury. The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial. The deposition designations and counter-designations shall be played in the order in which they appear in the transcript unless the parties provide a good basis to do otherwise. The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial. If played, such time shall be measured by the amount of time of each party's designations. If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read. Should the Court exclude the presentation of any designations, counter-designations,

or counter-counter designations, the parties shall work in good faith to make any necessary changes to the actual recordings to be played (or testimony to be read) thereafter.

96.     The parties will identify by email any **written discovery** (interrogatory responses or responses to requests for admission) and/or **stipulations** that a party intends to read into the record at **7:00 p.m. the day before** the written discovery response or stipulation is to be read into the record.  The party shall also identify when it intends to read in the written discovery response or stipulation in relation to its order of witness testimony.  If the opposing party has any objections to disclosed written discovery responses or stipulations, the party shall provide such objections by **9:00 p.m. the day before** the written discovery response or stipulation is to be read into the record.

97.     The parties will begin to **meet and confer by 10:00 p.m. each night** to resolve **any objections disclosed that night** over the use of identified witness testimony, deposition designations, physical and non-physical exhibits, demonstratives and written discovery.  The parties shall make good faith efforts to resolve any objections to minimize disputes to be raised before the Court. To the extent any objections or disputes remain pending after the meet and confer, **by 7:00 a.m. the next court day**, unless otherwise agreed, the parties will exchange and transmit to the Court a single-spaced, brief submission identifying each issue that each party intends to raise with the Court that day.

### 3.      Opening/Closing Statements

98.     At **7:00 p.m. the day before** opening statements will be given, the parties shall exchange their opening statement Demonstratives.  At **9:00 p.m. that same day**, the non-offering party shall notify the offering party of any objections to the proposed opening statement Demonstratives.  The parties will begin to meet and confer **by 10:00 p.m. that same day** to attempt to resolve any objections or other issues relating to the disclosed Demonstratives.  If any

disputes remain following this conference, the parties shall follow the same procedures laid out in paragraphs 80, 98, and 101 regarding raising these disputes to the Court.

99.     The parties agree to exchange binders containing a printed copy of any slides (including Demonstratives) to be used during a party's closing argument immediately prior to giving its closing argument.  To the extent a particular slide is not used in a party's closing, the other party may not use that slide.

### 4.    Binders for Court

100.     On each day of trial, the party that is presenting its case in chief will present the Court with a binder of the parties' position statements on any discovery disputes and any relevant disputed exhibits or demonstratives in a binder for the Court **at 8 am** that day.

101.     The parties agree to provide binders for opening and closing statements.  One copy will be provided to opposing counsel, and two copies will be provided to the Court.  The binders shall contain the disclosed demonstratives.

102.     The parties agree to provide witness binders for each fact and expert witness for both direct and cross examination. The binders will contain physical copies of the documents to be used during the witness examination. One copy of the direct or cross examination binders will be provided to the witness, one copy will be provided to opposing counsel, and two copies will be provided to the Court.

103.     For the day of closing statements, the parties shall jointly prepare a binder of admitted exhibits for the jury at the close of evidence.

### 5.    Miscellaneous

104.     Five days prior to the beginning of trial and continuing through the end of trial, Twitter shall make its source code available for inspection at a location in Dallas, Texas. Twitter shall make the source code available in its native format and with the same tools and file

structure which the source code had when originally produced in this matter. During the five days prior to the beginning of trial and continuing through the end of trial, VidStream only need provide six (6) hours-notice for the inspection of source code and/or source code print requests. There shall be no requests to inspect or review source code overnight. Twitter shall make its best efforts to accommodate review during this period otherwise.

DATED: March 12, 2025

Respectfully submitted,


*/s/ Jason D. Cassady*

Bradley W. Caldwell
Texas State Bar No.  24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No.  24045625
Email: jcassady@caldwellcc.com
Austin Curry
Texas State Bar No.  24059636
Email: acurry@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No.  24107857
Email: wmccarty@caldwellcc.com
Brian D. Johnston
Texas State Bar No.  24080965
Email: bjohnston@caldwellcc.com
Daniel R. Pearson
Texas State Bar No.  24070398
Email: dpearson@caldwellcc.com
Robert Seth Reich, Jr.
Texas State Bar No.  24088283
Email: sreich@caldwellcc.com
John F. Summers
Texas State Bar No.  24079417
Email: jsummers@caldwellcc.com
Adrienne R. Dellinger
Texas State Bar No.  24116275
Email: adellinger@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile:  (214) 888-4849

**ATTORNEYS FOR PLAINTIFF
VIDSTREAM LLC**

*/s/ Nora Q.E. Passamaneck*

Sonal N. Mehta (*pro hac vice*)
sonal.mehta@wilmerhale.com
Thomas G. Sprankling (*pro hac vice*)
Thomas.Sprankling@wilmerhale.com
WILMER CUTLER PICKERING
HALE & DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California, 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Taylor Gooch (*pro hac vice*)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
HALE & DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Nora Q.E. Passamaneck (*pro hac vice*)
nora.passamaneck@wilmerhale.com
Sydney Donovan (*pro hac vice*)
sydney.donovan@wilmerhale.com
WILMER CUTLER PICKERING
HALE & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133

Reshma C. Gogineni (*pro hac vice*)
reshma.gogineni@wilmerhale.om
WILMER CUTLER PICKERING
HALE & DORR LLP
7 World Trade Center 250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6301
Facsimile: (212) 230-8888

Matthew T. Martens (*pro hac vice*)

matthew.martens@wilmerhale.com
WILMER CUTLER PICKERING
HALE & DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 663-6921
Facsimile: (202) 663-6363

David L. McCombs (TX Bar No. 13438700)
Charles M. Jones II (TX Bar No. 24054941)
david.mccombs@haynesboone.com
charlie.jones@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendant Twitter, Inc.*

Signed April 2, 2025.

David C. Godbey
Chief United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon all counsel of record via the Court's CM/ECF system on March 12, 2025.

*/s/ Jason D. Cassady*
Jason D. Cassady
