

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 6 2025

CLERK, U.S. DISTRICT COURT
By _____
             Deputy

| | | |
|---|---|---|
| VIDSTREAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:16-CV-0764-N |
| | § | |
| TWITTER, INC, | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

COURT'S CHARGE – PAGE 1

The testimony of the witnesses, the exhibits introduced by the parties, any stipulations of fact, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven, constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Do not let bias, prejudice or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. The law does not give special treatment to any person. All persons and companies are equal before the law and must be treated as equals in a court of justice.

Unless otherwise instructed, Plaintiff has the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of a claim by a preponderance of the evidence, then Plaintiff may not recover on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have

COURT'S CHARGE – PAGE 2

called them, and all the exhibits received in evidence, regardless of who may have produced them.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are the sole judges of the credibility or believability of each witness and the weight or significance to be given to the witness's testimony. In weighing the testimony of a witness, you should consider: the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness's testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other

COURT'S CHARGE – PAGE 3

things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is your exclusive right to give the testimony of that witness whatever credibility or weight, if any, as you think it deserves.

COURT'S CHARGE – PAGE 4

Remember that the lawyers' statements, objections, or arguments – whether made during the trial or during their opening and closing statements – are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. However, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If a lawyer's question assumes that some fact is true and the witness did not agree with that assumption, the question itself is not evidence that the assumed fact is true. You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is my duty to rule on those objections in accordance with the law.

Certain charts and summaries not admitted in evidence, called demonstrative exhibits, have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

COURT'S CHARGE – PAGE 5

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

This lawsuit has been pending an unusually long time due to multiple legitimate reasons. Do not hold the duration of this lawsuit against either party.

## CLAIM CONSTRUCTION

Before you decide whether Twitter has infringed the claims of Vidstream's patent or whether Vidstream's patent is invalid, you will have to understand the patent claims. The patent claims are numbered sentences at the end of the patent. The patent claims involved here are Claims 17, 22, 23, and 24 of '304 patent and Claims 23 and 24 of the '506 patent which are Plaintiff's Exhibits 1 and 2 in evidence. The claims are intended to define, in words, the boundaries of the inventor's rights. Only the claims of the patent can be infringed. Neither the written description, nor the drawings of a patent can be infringed. Each of the claims must be considered individually. You must use the same claim meaning for both your decision on infringement and your decision on invalidity.

It is my job as judge to provide to you the meaning of any claim language that must be interpreted. You must accept the meanings I give you and use them when you decide whether any claim has been infringed and whether any claim is invalid. The meaning of the words of the patent claims must be the same when deciding both infringement and invalidity. I will now tell you the meanings of the following words and groups of words from the patent claims:

1.    "transcoding" means "converting from one video format to another"

COURT'S CHARGE – PAGE 6

2.    "predetermined constraints" means "parameters, rules, or restrictions provided to ensure compliance and compatibility with system requirements or goals, examples of which may include but are not limited to video length, video format type, video image resolution, video transmission bit rate, etc."

3.    "high definition" means "at least 500,000 pixels per frame"

For claim limitations that I have not construed — that is, limitations that I have not interpreted or defined — you are to use the plain and ordinary meaning of the limitations as understood by one of ordinary skill in the art, which is to say, in the field of technology of the patent, at the time of the alleged invention.

## Definitions

"Vidstream" means plaintiff VidStream, LLC.

"Twitter" means defendant Twitter, Inc., now known as X Corp.

The "'304 patent" means U.S. Patent No. 8,464,304.

The "'506 patent" means U.S. Patent No. 8,601,506.

"FMLE" means the Adobe Flash Media Live Encoder product.

"Wowza" means the Wowza Media Systems' Streaming Video Platform.

PATENT INFRINGEMENT

QUESTION NO. 1:

Did Twitter infringe the following claims of Vidstream's patents?

Answer "yes" or "no" for each asserted claim:

Claim 17 of '304 patent:

_____Yes_____

Claim 22 of '304 patent:

_____NO_____

Claim 23 of '304 patent:

_____NO_____

Claim 24 of the '304 patent:

_____NO_____

Claim 23 of the '506 patent

_____NO_____

Claim 24 of the '506 patent:

_____NO_____

INSTRUCTIONS FOR QUESTION NO. 1:

Infringement is assessed claim-by-claim. Therefore, Defendant may infringe some claims but not others.

Patent law gives the owner of a valid patent the right to exclude others from importing, making, using, offering to sell, or selling the claimed invention within the United States during the term of the patent. Any person or business entity that has engaged

COURT'S CHARGE – PAGE 8

in any of those acts without the patent owner's permission infringes the patent. Here, Vidstream alleges that Twitter's allegedly infringing products infringe Claims 17, 22, 23, and 24 of '304 patent and Claims 23 and 24 of the '506 patent.

You have heard evidence about both the Plaintiff's commercial product and the Defendant's accused product. However, in deciding the issue of infringement you may not compare the Defendant's accused product to the Plaintiff's commercial product. Rather, in making your decision regarding infringement, you must compare the Defendant's accused products to the claims of the '304 and '506 patents.

A claim of a patent may be infringed directly or indirectly. As explained further in the following Instructions, direct infringement results if the Defendant's accused product is covered by at least one claim of the '304 or '506 patent. Indirect infringement results if the Defendant induces another to infringe a claim of the '304 or '506 patents.

In this case, the Plaintiff asserts that the Defendant has directly infringed the '304 and '506 patents. The Defendant is liable for directly infringing the Plaintiff's patents if you find that the Plaintiff has proven that it is more likely than not that the Defendant made, used, imported, offered to sell, or sold the invention defined in at least one claim of the Plaintiff's patent during the term of the '304 or '506 patents.

A party can directly infringe a patent without knowing of the patent or without knowing that what the party is doing is patent infringement.

To determine literal infringement, you must compare the accused product with each patent claim the Plaintiff asserts is infringed.

COURT'S CHARGE – PAGE 9

You must determine literal infringement separately for each patent claim that the Plaintiff asserts is infringed.

A patent claim is literally infringed only if the Defendant's product includes each and every element recited in that patent claim. The same element of the accused product may satisfy more than one element of a patent claim. If the Defendant's product does not contain one or more elements recited in a claim, the Defendant does not literally infringe that claim.

There are two different types of claims in the patent. One type is called an independent claim. The other is called a dependent claim.

An independent claim does not refer to any other claim of the patent. An independent claim must be read separately from the other claims to determine the scope of the claim.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes all elements recited in the dependent claim, as well as all elements of the independent claim to which it refers.

To establish literal infringement of a dependent claim, the Plaintiff must show that it is more likely than not that the Defendant's product includes each and every element of both the independent claim and dependent claim.

If you find that an independent claim from which a dependent claim depends is not literally infringed, then you must find that the dependent claim is also not literally infringed.

COURT'S CHARGE – PAGE 10

The preamble to some claims in suit uses the word "comprising". The word "comprising" means "including the following but not excluding others."

If you find that the Defendant's product includes all of the elements in a claim using the word "comprising," even if the Defendant's product includes additional components, you must find that the Defendant's product literally infringes that claim.

In this case, the Defendant is also accused of actively inducing another party to directly infringe the Plaintiff's patent.

To establish that the Defendant actively induced infringement, the Plaintiff must prove it is more likely than not that (A) a single actor is responsible for direct infringement, namely, all of the components of the product accused of infringing at least one claim of the patent, and (B) the Defendant actively induced these acts of infringement by alleged direct infringer.

To prove active inducement, the Plaintiff must establish that it is more likely than not that:

1.    the Defendant aided, instructed, or otherwise acted with the intent to cause acts by alleged direct infringer that would constitute direct infringement of the patent;

2.    the Defendant knew of the patent, or showed willful blindness to the existence of the patent, at that time;

3.    the Defendant knew, or showed willful blindness, that the actions of the alleged direct infringer would infringe at least one claim of the patent; and

4.    alleged direct infringer infringed at least one patent claim.

The Plaintiff must prove all four elements to establish infringement. To find willful blindness (1) the Defendant must have subjectively believed that there was a high probability that a patent existed covering the accused product, and (2) the Defendant must have taken deliberate actions to avoid learning of the patent.

## PATENT INVALIDITY

If your answer to any part of Question No. 1 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 2:

Did Twitter show by clear and convincing evidence that any of the asserted claims are invalid?

Answer "yes" or "no" for every claim for which you answered Question No. 1 "yes":

Claim 17 of '304 patent:

NO

Claim 22 of '304 patent:

Yes

Claim 23 of '304 patent:

Yes

Claim 24 of the '304 patent:

Yes

Claim 23 of the '506 patent

Yes

Claim 24 of the '506 patent:

Yes

COURT'S CHARGE – PAGE 13

INSTRUCTIONS FOR QUESTION NO. 2:

The Defendant contends that the asserted claim(s) of the patents-in-suit are invalid. The Defendant must prove by clear and convincing evidence that each asserted claim is invalid.

Claims of an issued patent may be found to be invalid. Thus, you must determine whether each of the Plaintiff's claims is invalid.

The Defendant contends that patent claims at issue are invalid for the following reasons:

1.    the claims were anticipated

2.    the claims were obvious

A party accused of infringing a patent may deny infringement and/or prove that the asserted claims of the patent are invalid. A patent is presumed to be valid. In other words, it is presumed to have been properly granted by the PTO. But that presumption of validity can be overcome if clear and convincing evidence is presented in court that proves the patent is invalid.

Clear and convincing evidence means that it is highly probable that the fact is true. This standard is different from the preponderance of the evidence standard. I have instructed you that other issues, such as infringement, may be found under a lower standard, namely, by a preponderance of the evidence. You may think of this "preponderance of the evidence" as slightly greater than 50%. This is different from the criminal law standard of "beyond a reasonable doubt." You may think of this "beyond a reasonable doubt" standard

as approaching certainty, without reasonable doubt. The "clear and convincing" standard is between the preponderance of the evidence and beyond a reasonable doubt standards.

The question of invalidity of a patent claim is determined from the perspective of a person of ordinary skill in the art in the field of the claimed invention as of the effective filing date.

Prior Art

Prior art includes any of the following items received into evidence during trial:

1.      any  product that was publicly known or used by others in the United States before the claimed invention was invented;

2.      any product that was in public use or on sale in the United States before January 25, 2011;

3.      any patents that issued before January 25, 2011;

4.      any publications having dates of public accessibility before January 25, 2011; and

5.      any product that was made by anyone in the United States before the date of invention where the claimed invention was not later abandoned, suppressed, or concealed.

Where Twitter is relying on prior art that was not considered by the PTO during examination, you may consider whether that prior art is significantly different and more relevant than the prior art that the PTO did consider.  If you decide it is different and more relevant, that prior art may carry more weight in your analysis of whether Twitter has met its burden to prove invalidity by clear and convincing evidence.

Anticipation

In this case, the Defendant contends that all of the claims of the patents-in-suit are anticipated.

You must determine what is the prior art that may be considered in determining whether claims of the patents-in-suit are new or anticipated.

To anticipate a claim, each element in the claim must be present in a single item of prior art and arranged or combined in the same way as recited in the claim. You may not combine two or more items of prior art to find anticipation. In determining whether each of the elements of the claimed invention is found in a prior publication, you should consider what a person of ordinary skill in the art would have understood from his or her review of the particular publication.

The Defendant contends that all asserted claims are invalid because the invention defined in those claims was publicly used by others in the United States before January 25, 2011.

The patent claims are invalid if the invention defined in those claims was publicly used by others in the United States before it was invented by the patentee.

That invention was publicly used in the United States if an embodiment of the claimed invention was both: (1) accessible to the public or commercially exploited in the United States, and (2) ready for patenting.

An invention is publicly used if it is used by the inventor or by a person who is not under any limitation, restriction, or obligation of secrecy to the inventor. Factors relevant to determining whether a claimed invention was in public use include: the nature of the

COURT'S CHARGE – PAGE 16

activity that occurred in public; public access to the use; confidentiality obligations imposed upon observers; commercial exploitation, even if the specifics of the invention are kept secret; and the circumstances surrounding any testing and experimentation. The absence of affirmative steps to conceal the use of the invention is evidence of a public use. However, secret use by a third party is not public, unless members of the public or employees of the third party have access to the invention.

To be a public use, the invention also must have been ready for patenting at the time of the alleged public use. An invention is ready for patenting either when (1) it is reduced to practice or (2) the inventor has prepared drawings or other descriptions of the invention sufficient to enable a person of ordinary skill in the art to make or use the invention. An invention is reduced to practice when the inventor(s) (1) constructed an embodiment or performed a process of the invention, and (2) determined that it would work for its intended purpose.

Obviousness

The Defendant contends that asserted claims of the patents-in-suit are invalid because the claimed invention(s) would have been "obvious."

A claimed invention is invalid as "obvious" if it would have been obvious to a person of ordinary skill in the art of the claimed invention as of January 25, 2011. Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering one or more than one item of prior art.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent. You

COURT'S CHARGE – PAGE 17

should not use the patent as a road map for selecting and combining items of prior art. You must put yourself in the place of a person of ordinary skill in the art as of January 25, 2011.

The following factors must be evaluated to determine whether the Defendant has established that the claimed invention is obvious:

1.    the scope and content of the prior art relied upon by the Defendant;

2.    the differences, if any, between each claimed invention of the patents-in-suit that the Defendant contends is obvious and the prior art;

3.    the level of ordinary skill in the art as of January 25, 2011; and

4.    additional considerations, if any, that indicate that the invention was obvious or not obvious.

Each of these factors must be evaluated, although they may be analyzed in any order, and you must perform a separate analysis for each of the claims.

The Defendant must prove by clear and convincing evidence that the invention would have been obvious. Again, you must undertake this analysis separately for each claim that the Defendant contends is obvious.

I will now explain each of the four factors in more detail.

1.    In deciding obviousness, Defendant contends the prior art includes the following items received into evidence during the trial:

•    the combination of Wowza and FMLE

A prior art reference may be considered if it discloses information designed to solve any problem or need addressed by the patent. A prior art reference may also be considered if it discloses information that has obvious uses beyond its main purpose and if a person of

COURT'S CHARGE – PAGE 18

ordinary skill in the art would reasonably examine that reference when trying to solve any problem or need addressed by the patent. You must decide whether the Defendant has proven, by clear and convincing evidence, that a specific reference is prior art.

2.      You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art as of January 25, 2011. Your analysis must determine the impact, if any, of such differences on the obviousness or nonobviousness of the claimed invention as a whole, and not merely some portion of it.

In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention. You may consider the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention. For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proven obvious merely by demonstrating that each of the elements was independently known in the prior art. Most, if not all, inventions rely on building blocks long-known, and claimed discoveries almost of necessity will likely be

COURT'S CHARGE – PAGE 19

combinations of what is already known.  Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the teachings in the way the claimed invention does. The reason could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of any problem or need to be addressed, market demand, or common sense.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, and there would have been a reasonable expectation of success for doing so, this evidence would make it more likely that the claimed invention was obvious.

Similarly, you may consider the possibility that a reference teaches away from the claimed invention.  A reference teaches away from the invention when it would have discouraged a person of ordinary skill in the art as of January 25, 2011 from practicing the claimed invention, or when such a person would be led in a different direction than practicing the claimed invention.

You must undertake this analysis separately for each claim that the Defendant contends would have been obvious.

In comparing the scope and content of each prior art reference to a patent claim, you may find that inherency may supply a claim element that is otherwise missing from the explicit disclosure of a prior art reference.  The inherent presence of an element so found by you may be used in your evaluation of whether the claimed invention would have been obvious in view of the prior art.  But, to rely on inherency to establish the existence of a

COURT'S CHARGE – PAGE 20

claim element in the prior art in an obviousness analysis, that element necessarily must be present in, or the natural result of, the combination of elements explicitly disclosed by the prior art. Inherency may not be established by probabilities or possibilities. The mere fact that a certain thing may result from an explicit disclosure is not sufficient to find inherency. However, if the disclosure is sufficient to show that the natural result flowing from the explicit disclosure would result in the claim element in question, inherency may be found. Something inherent from the explicit disclosure of the prior art must be limited when applied in an obviousness analysis and used only when the inherent element is the natural result of the combination of prior art elements explicitly disclosed. An important consideration when determining whether a reference inherently discloses a previously unknown property of something is whether that property is unexpected. Although all properties of something are inherently part of that thing, if a property is found to be unexpectedly present, then the property may be nonobvious.

      3.     To determine the obviousness of the invention, you must determine the level of ordinary skill in the field of the invention at the time of January 25, 2011. Regardless of whether you are asked to articulate in your verdict what you believe was the level of ordinary skill in the field of the invention, you must consider and assess this factor before reaching your conclusion in this case.

      The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant. The person of ordinary skill is also a person of ordinary creativity that can use common sense to solve problems.

COURT'S CHARGE – PAGE 21

Plaintiff and the Defendant agree that the level of ordinary skill in the art is the holder of a Bachelor of Science in electrical engineering, computer engineering, or equivalent experience and education.

4.      Before deciding the issue of obviousness for each claimed invention, you must also consider certain secondary considerations, which may help to determine whether the invention would have been obvious.  No consideration alone is dispositive, and you must consider the obviousness or nonobviousness of the invention as a whole.  Certain of these considerations include:

a.      Were products covered by the claim commercially successful due to the merits of the claimed invention rather than due to advertising, promotion, salesmanship, or features of the product other than those found in the claim?

b.      Was there long-felt need for a solution to the problem facing the inventors, which was satisfied by the claimed invention?

c.      Did others try, but fail, to solve the problem solved by the claimed invention?

d.      Did others copy the claimed invention?

e.      Did the claimed invention achieve unexpectedly superior results over the closest prior art?

f.      Did others in the field, or the Defendant praise the claimed invention or express surprise at the making of the claimed invention?

g.      Did others accept licenses under the patents-in-suit because of the merits of the claimed invention?

Answering all, or some, of these questions "yes" may suggest that the claim was not obvious. These secondary considerations are relevant only if there is a connection, or nexus, between the consideration and the invention covered by the patent claim. Even if you conclude that the patentee has established some of the above considerations have been established, those considerations should be considered along with all the other evidence in the case in determining whether the Defendant has proven that the claimed invention would have been obvious.

<u>WILLFULNESS</u>

If your answer to any asserted claim in Question No. 1 is "yes" and your answer to Question No. 2 is "no" for that claim, then answer the following question.  Otherwise do not answer the following question.

<u>QUESTION NO. 3</u>:

Was the infringement found by you in Question No. 1 willful?

Answer "yes" or "no" for each asserted claim for which your answer to Question No. 1 was "yes" and your answer to Question No. 2 was "no":

Claim 17 of '304 patent:

_____Yes_____

Claim 22 of '304 patent:

_____No_____

Claim 23 of '304 patent:

_____No_____

Claim 24 of the '304 patent:

_____No_____

Claim 23 of the '506 patent

_____No_____

Claim 24 of the '506 patent:

_____No_____

COURT'S CHARGE – PAGE 24

INSTRUCTIONS FOR QUESTION NO. 3:

 If you find that it is more likely than not that the Defendant infringed a valid claim of the Plaintiff's patent, then you must also determine whether or not the Defendant's infringement was willful.

 To show that the Defendant's infringement was willful, the Plaintiff must prove it is more likely than not that the Defendant knew of the Plaintiff's patent and intentionally infringed at least one asserted claim of the patent. You may consider whether the Defendant's behavior was deliberate or intentional. However, you may not find that the Defendant's infringement was willful merely because the Defendant knew about the patent, without deliberate or intentional infringement. In determining whether the Plaintiff has proven that the Defendant's infringement was willful, you must consider the totality of the circumstances based on the evidence presented at trial and assess the Defendant's knowledge at the time the challenged conduct occurred.

 If you determine that any infringement was willful, you may not allow that decision ~~must not~~ to affect the amount of any damages award you give for infringement. I will take willfulness into account later if you find it.

COURT'S CHARGE – PAGE 25

## DAMAGES

I will now instruct you on damages.  If you find a defendant liable, then you must determine the amount of damages to be awarded to the Plaintiff.  By instructing you on damages, I am not suggesting which party should win on any issue.  These instructions are provided to guide you on the calculation of damages in the event you find a party liable, and thus must address the damages issue.

Compensatory damages cannot be based on speculation, for it is only actual damages that are recoverable.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  You also may not add anything to the amount of damages for interest.  You should not award compensatory damages for speculative harm, but only for those damages which Plaintiff actually demonstrated.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

COURT'S CHARGE – PAGE 26

If your answer to Question No. 1 is "yes" for any asserted claim and your answer to Question No. 2 is "no" for that claim, then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 4:

What sum of money, if paid now in cash, would fairly and reasonably compensate the Vidstream for the infringement of its patents by Twitter as found by you in Question No. 1?

Consider the following element of damages, if any, and no other:

A reasonable royalty

Answer in dollars and cents, if any:

$ 105,444,153

INSTRUCTIONS FOR QUESTION NO. 4:

A royalty is a payment made to a patent owner by someone else in exchange for the rights to make, use, sell, or import a patented product.

A reasonable royalty award must be based on the incremental value that the patented invention adds to the end product. When the infringing products have both patented and unpatented features, measuring this value requires a determination of the value added by the patented features. The total royalty must reflect the value attributable to the infringing features of the product, and no more

A reasonable royalty is the royalty that would have resulted from a hypothetical license negotiation between the Plaintiff and the Defendant. Of course, we know that they did not agree to a license and royalty payment. But, to decide on the type and amount of

COURT'S CHARGE – PAGE 27

reasonable royalty damages, you should assume that the parties did negotiate a license just before the infringement began. This is why it is called a "hypothetical" license negotiation.

You should assume that both parties to the hypothetical negotiation understood that the patent was valid and infringed and both were willing to enter into a license just before the infringement began. You should also assume that the parties had full knowledge of the facts and circumstances surrounding the infringement at the time of the hypothetical negotiation.

In determining the type and amount of a reasonable royalty, you may consider evidence on any of the following factors, in addition to any other evidence presented by the parties on the economic value of the patent:

1. Any royalties received by the licensor for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2. The rates paid by the Defendant to license other patents comparable to the patents-in-suit.

3. The nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of its territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain its right to exclude others from using the patented invention by not licensing others to use the invention, or by granting licenses under special conditions designed to preserve that exclusivity.

COURT'S CHARGE – PAGE 28

5.    The commercial relationship between the licensor and the licensee, such as whether or not they are competitors in the same territory in the same line of business.

6.    The duration of the patents-in-suit and the term of the license.

7.    The established profitability of the product made under the patents-in-suit; its commercial success; and its popularity.

8.    The utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results.

9.    The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by or for the licensor; and the benefits to those who have used the invention.

10.    The extent to which the Defendant has made use of the invention; and any evidence that shows the value of that use.

11.    The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

12.    The portion of the profit that arises from the patented invention itself as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by the accused infringer.

13.    The opinion testimony of qualified experts.

14.    The amount that a licensor and a licensee (such as the Defendant) would have agreed upon (at the time the infringement began) if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee —

COURT'S CHARGE – PAGE 29

who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention — would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a patentee who was willing to grant a license.

15.    Any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.

The amount you find as a reasonable royalty must be based on the value attributable to the patented features, as distinct from other, unpatented features of the accused product, or other factors such as marketing or advertising and the Defendant's size or market position.

Damages are not based on a hindsight evaluation of what happened, but on what the parties to the hypothetical license negotiations would have agreed upon at the time of the negotiation. Evidence relevant to the negotiation is not necessarily limited to facts that occurred on or before the date of the hypothetical negotiation. You may also consider information the parties would have foreseen or estimated during the hypothetical negotiation, which may under certain circumstances include evidence of usage after infringement started, license agreements entered into by the parties shortly after the date of the hypothetical negotiation, profits earned by the infringer, and non-infringing alternatives.

In determining a reasonable royalty, you may also consider evidence concerning the availability and cost of acceptable non-infringing substitutes to the patented invention. An

COURT'S CHARGE – PAGE 30

acceptable substitute must be a product that is licensed under the patent or that does not infringe the patent.

When determining a reasonable royalty, you may consider evidence concerning the amounts that other parties have paid for rights to the patents in question, or for comparable rights to similar technologies, as well as the structures of such payments. A license agreement need not be perfectly comparable to a hypothetical license that would be negotiated between the Plaintiff and the Defendant in order for you to consider it. However, if you choose to rely upon evidence from any license agreements when you make your reasonable royalty determination, you must account for any differences between those licenses and the hypothetically negotiated license between the Plaintiff and the Defendant, in terms of the technologies and economic circumstances of the contracting parties.

## JURY DELIBERATIONS

It will shortly be your duty to deliberate and to consult with one another in an effort to reach a verdict. Your verdict must be unanimous. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a

COURT'S CHARGE – PAGE 32

presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.

Do not deliberate unless all members of the jury are present in the jury room. For example, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

During your deliberations I will honor any reasonable work schedule you may set and will honor your reasonable requests regarding how frequently you wish to recess and for how long.

After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

SIGNED this ___15___ day of April, 2025.


_____
David C. Godbey
Chief United States District Judge



COURT'S CHARGE – PAGE 33