IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIDSTREAM LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0764-N |
| | § | |
| TWITTER, INC., | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Vidstream LLC's ("Vidstream") motion for entry of judgment, enhanced damages, pre- and post-judgment interest, prevailing party status, and costs [454]. Additionally, this Order addresses Vidstream's conditional Rule 50(b) motion of no invalidity and for new trial [455] and Defendant Twitter, Inc.'s ("Twitter") renewed motion for judgment as a matter of law pursuant to Rule 50(b) or, in the alternative, motion for a new trial [456]. For the reasons set forth below, the Court partially grants Vidstream's motion for entry of judgment, denies Vidstream's motion of no invalidity, and denies Twitter's motion.

## I. Origins of the Motion

On April 16, 2025, a jury concluded a decade-long patent infringement lawsuit between Vidstream and Twitter. Vidstream alleged that Twitter infringed six claims on two of Vidstream's patents. Pl.'s Mot. Entry of J. 1 [454]. The jury found that Twitter willfully infringed one claim of Vidstream's U.S. Patent No. 8,464,304 (the "304" patent) and awarded unpaid royalty damages in the amount of $105,444,153. *Id*. The jury found no

MEMORANDUM OPINION AND ORDER – PAGE 1

infringement of the five other patent claims. *Id*. The jury also answered that the remaining five patent claims were invalid. *Id*. In their three motions, both parties contest the jury's findings of infringement and invalidity.

## II. THE COURT DENIES BOTH MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Under Rule 50(b), the Court may grant a motion for judgment as a matter of law ("JMOL") if it finds that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party" on the issue raised. FED. R. CIV. P. 50(b). "When reviewing jury verdicts, the Court views all the evidence and draws all reasonable inferences in the light most favorable to the verdict." *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 258 (5th Cir. 2011). A motion for JMOL is granted only if the facts and inferences point so strongly in favor of the moving party that a rational jury could not arrive at a contrary verdict. *Forte v. Wal-Mart Stores, Inc.*, 780 F.3d 272, 275 (5th Cir. 2015). The Federal Circuit has interpreted the Fifth Circuit's standard as requiring the jury's determination to be supported by substantial evidence. *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1357 (Fed. Cir. 2012).

Here, both parties have moved for judgment as a matter of law. Vidstream claims that no reasonable jury could have returned a verdict of invalidity on the other five claims based on Twitter's presentation of evidence on anticipation and obviousness. Pl.'s Mot. for JMOL 1–5 [455]. Vidstream asserts that Twitter's expert failed to prove these elements of invalidity with clear and convincing evidence. *Id*. However, at trial, Twitter's expert witness testified that elements of the patent claims were anticipated and obvious and provided a publicly available example. Def.'s Resp. 2–7 [458]. In contrast, Vidstream did

MEMORANDUM OPINION AND ORDER – PAGE 2

not present any testimony regarding the patents' validity. *Id.* at 6. Thus, a reasonable jury could have found the patent claims invalid.

In contrast, Twitter argues that no reasonable jury could find Claim 17 of the '304 patent was valid, infringed, or worth more than nominal damages based on Vidstream's presentation of evidence. Def.'s Mot. for JMOL 2–9 [456]. Twitter argues that the jury reached conflicting conclusions and that it was not possible to find that the majority of Vidstream's claims were invalid and not infringed, but that the Claim 17 of the '304 patent was valid and infringed. *Id*. However, Twitter's contention that its evidence and arguments were stronger than Vidstream's on all six claims amounts to a re-litigation of the arguments considered by the jury at trial. Twitter essentially asks the Court to credit its testimony over Vidstream's, despite the jury's conclusion in Vidstream's favor on Claim 17. At trial, Vidstream asserted that Claim 17 was different than the other claims and that Vidstream asserted its infringement case for this patent claim against a narrower set of features in Twitter's products. Pl.'s Resp. 4 [457]. A reasonable jury could have heard evidence regarding each patent claim and determined that Claim 17 was valid and infringed, while the other claims were not.

After considering all the evidence and drawing all reasonable inferences in favor of the nonmoving party in each instance, the Court finds that there is sufficient evidence to support the jury verdict. Thus, the Court denies both motions for judgment as a matter of law and denies the conditional motions for a new trial under Rule 50(b).

The Court also denies Twitter's request for a new trial or remittitur under Rule 59. *Id*. at 15–17. Under Rule 59, the Court "may, on motion, grant a new trial on all or some

MEMORANDUM OPINION AND ORDER – PAGE 3

of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). Twitter fails to meet the Rule 59 standard in at least two ways. First, Twitter argues that the jury should have been instructed that it could award nominal damages to satisfy the reasonable royalty requirement if it concluded that Twitter infringed any of Vidstream's patents. *Id.* at 21–22. Second, Twitter argues that Vidstream inflamed the jury to rule against it by suggesting that Twitter purposefully delayed the trial. *Id.* at 23–25.

Trial courts are afforded "wide latitude in fashioning jury instructions" which are not disturbed for "technical imperfections." *Jowers v. Lincoln Elec. Co.,* 617 F.3d 346, 352 (5th Cir. 2010) (quoting *Bender v. Brumley,* 1 F.3d 271, 276 (5th Cir. 1993)). Reversal is only appropriate "whenever the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations and the challenged instruction . . . affected the outcome of the case." *Brumley*, 1 F.3d at 276–77. The Court is not persuaded that the jury charge was so erroneous as to cause doubt in the jury's findings on any of the claims. Furthermore, the jury charge instructed jurors to "not hold the duration of this lawsuit against either party." Jury Charge at 6 [446]. Thus, the Court declines to grant a new trial or remittitur and enters judgment on the verdict.

### III. VIDSTREAM IS THE PREVAILING PARTY AND ENTITLED TO COSTS

In patent infringement cases, district courts may award attorney's fees to prevailing parties in "exceptional cases." 35 U.S.C. § 285. An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner

in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Id*. Litigants seeking fees must show the case is exceptional by a preponderance of the evidence. *Id*. at 557. In addition, a district court has wide discretion whether to award costs under Federal Rule of Civil Procedure 54(d). *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006). But, if a district court does not award costs, it must state its reasons. *Id*.

Additionally, to be the "prevailing party," the Federal Circuit requires (1) that the party's "received at least some relief on the merits," and (2) "that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366–67 (Fed. Cir. 2010). A party does not need to prevail on all claims to qualify as the prevailing party. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086.

Vidstream asserts that it is entitled to prevailing party status and an award of costs because the jury found that (1) Claim 17 of Vidstream's '304 patent was valid and (2) Twitter willfully infringed it. Pl.'s Mot. Entry of J. at 25. Twitter requests recognition as prevailing party and costs because the jury found that the other five patent claims were not infringed and were invalid. Def.'s Resp. 8–9 [459]. Vidstream received at least some relief on the merits by a jury finding of willful infringement of its valid patent claim. Thus, Vidstream is the prevailing party. Twitter's defense against infringement and validity on

MEMORANDUM OPINION AND ORDER – PAGE 5

the other claims does not change Vidstream's status because Vidstream was not required to succeed on all claims to achieve prevailing party status.

After considering the totality of the circumstances in this lengthy litigation, the Court finds no exceptional circumstances to require an award of attorney's fees under U.S. patent law. There is no evidence that any of Twitter's claims or defenses were "exceptionally meritless" or objectively unreasonable. *Savage Tavern, Inc. v. Signature Stag, LLC*, 1471442, at *6 (N.D. Tex. 2022). Furthermore, neither Twitter nor Vidstream's substantive litigation position was so strong that it stood out in comparison to similar patent cases. *Id*. However, given the complexity of the case, the results achieved, the time and effort expended, and because the Court grants Vidstream prevailing party status, the Court also uses its discretion to award costs to Vidstream.

### IV. The Court Declines an Award of Enhanced Damages

Enhanced damages are a punitive measure taken by a court to penalize a willful infringer for its increased culpability. 35 U.S.C. § 284; *see also Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992). A court may, in its discretion, enhance damages up to three times when there is a finding of willful infringement or bad faith on the part of the infringing party. *Portec*, 970 F.2d at 826; *see also SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997). "The paramount determination in deciding to grant enhancement and the amount thereof is the egregiousness of the defendant's conduct based on all the facts and circumstances." *Portec*, 970 F.2d at 826.

District courts consider the following non-exhaustive list of factors articulated in *Read* in deciding whether to enhance damages and the amount of enhancement: (1) whether

MEMORANDUM OPINION AND ORDER – PAGE 6

the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when it knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) closeness of the case; (6) duration of the defendant's misconduct; (7) remedial action by the defendant; (8) the defendant's motivation for harm; and (9) whether the defendant attempted to conceal its misconduct. *Id.* at 827.

In applying these factors, the Court does not find a sufficient basis to award an enhancement of damages. First, the third and eighth factors do not support an enhanced damage award. Vidstream argues that Twitter engaged in an unnecessarily aggressive defense, intended to drive up Vidstream's costs. Pl.'s Mot. Entry of J. 15. However, Vidstream's cited examples, including three discovery disputes resolved before trial, do not explain how Twitter's litigation behavior was so egregious as to warrant enhancement. Def.'s Resp. 15 [459]. Vidstream also fails to provide evidence of Twitter's alleged motivation for harm. Additionally, the fifth factor does not support an enhanced damage award. Vidstream argues that the jury's finding of willful infringement of Claim 17 supports enhancement because it demonstrates that the case was not close. Pl.'s Mot. Entry of J. 10. The jury only found that Twitter willfully infringed one of six claims presented by Vidstream after over a week of trial and extensive testimony on the claims. Thus, the case was close.

Finally, the second factor also weighs against enhancement. Vidstream asserts that Twitter did not adequately investigate the scope of the patent and failed to prove a good

MEMORANDUM OPINION AND ORDER – PAGE 7

faith belief that the patents were invalid or not infringed. Pl.'s Mot. Entry of J. 13. Twitter cites its motion to dismiss, two months after the complaint was filed, as evidence for its good faith belief in the patents' invalidity. Def.'s Resp. 12. Furthermore, Twitter's invalidity and non-infringement defenses throughout the case demonstrate a belief that the defense was valid. After consideration of each parties' arguments, the Court concludes that these factors do not collectively support an award of enhanced damages. Thus, the Court declines to award additional damages to Vidstream.

### V. THE COURT AWARDS PRE- AND POST-JUDGMENT INTEREST TO VIDSTREAM

#### A. *Prejudgment Interest.*

Section 284 of the Patent Act provides that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for infringement . . . together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[P]rejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). "In the typical case, an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Electro Sci. Indus., Inc. v. Gen. Scanning, Inc.*, 247 F.3d 1341, 1354 (Fed. Cir. 2001). "An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments by also of the foregone use of the money between the time of infringement and the date of the judgment." *Devex Corp.*, 461 U.S. at 655–56.

"[P]rejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *Id*. at 657. "[I]t may be appropriate to limit prejudgment interest, or perhaps deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Id*. "[T]he determination whether to award simple or compound interest similarly is a matter largely within the discretion of the district court." *Gyromat Corp. v. Champion Spark Plug Co*., 735 F.2d 549, 557 (Fed. Cir. 1984)

Here, Vidstream requests prejudgment interest at the Texas statutory rate, compounded annually. Pl.'s Mot. Entry of J. 21–23; *see also* TEX. FIN. CODE ANN. § 304.003. Twitter argues that prejudgment interest should be computed at the Treasury Bill rate as simple interest. Def.'s Resp. 21–22 [459].

While the Northern District of Texas does not have a standard practice of awarding prejudgment interest at a particular interest rate, the Court has previously adopted the reasoning and logic of the Eastern District of Texas, which applies the prejudgment interest at the prime rate, compounded quarterly. *Kaneka Corp. v. JBS Hair, Inc.*, 2013 WL 12123946 at *6 (N.D. Tex. 2013). Furthermore, the U.S. prime rate is widely accepted as a permissible prejudgment interest rate in patent infringement cases. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020). The Court is not persuaded by Vidstream that prejudgment interest at the Texas statutory rate rather than the U.S. prime rate is necessary to satisfy the purposes of awarding the interest. Additionally, Twitter fails to demonstrate any significant reason why the U.S. prime rate should be disregarded for its preference, the Treasury Bill rate. Thus, the Court awards prejudgment interest to Vidstream at the U.S. prime rate, compounded quarterly.

### B. Post-Judgment Interest

"Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a); *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). Thus, Vidstream may recover post-judgment interest at a rate of 3.66% per annum from the date of this Order to the date of payment.

### Conclusion

Finding that legally sufficient evidence exists to support the jury's verdict, the Court denies both Vidstream's and Twitter's motions for judgment as a matter of law and enters judgment on the verdict. The Court also denies Vidstream's motion for enhanced damages. Finally, the Court grants Vidstream's motion for prevailing party status and awards Vidstream costs, prejudgment interest, and post-judgment interest.

Signed November 18, 2025.

_____
David C. Godbey
Senior United States District Judge